## FIRST TRUST & SAVINGS BANK OF CHICAGO, ILL., v. BLOODWORTH et al.

No. 8780—Opinion Filed July 30, 1918.

(174 Pac. 545.)

**1. Time—Making and Serving Case-Made—Including Last Day.**

When an order is made extending the time in which to make and serve a case-made to a day certain, the time within which the case-made may legally be served includes the day to which such extension is made.

**2. Election of Remedies—Estoppel.**

E. B. and C. C. B. procured a loan of $1,-000 from S. H. G. The application was forwarded to S. H. G. by C. O. F. as the agent of E. B. and C. C. B., and the money was paid on said loan to C. O. F. as agent of E. B. and C. C. B. E. B. subsequently instituted suit against C. O. F. to recover said sum, less the commission due for obtaining said loan, and prosecuted said action to a final judgment. Held, that the action of E. B. in instituting said suit against C. O. F. to recover said money and prosecuting the same to final judgment constituted such an election of remedies that E. B. is barred and estopped from subsequently pleading, as a defense to the note and mortgage, that no consideration was received therefor.

**3. Election of Remedies — Prosecution to Judgment.**

When the law gives several means of redress or kinds of relief predicated on conflicting theories, the election of one and the prosecution to the final judgment operates as a bar to the subsequent adoption of any other.

(Syllabus by Davis, C.)

Appeal from District Court, Garvin County; F. B. Swank, Judge.

Action by the First Trust & Savings Bank of Chicago, Ill., against Eliza Bloodworth and others. Judgment for defendants, and plaintiff brings error. Reversed.

Tibbetts & Green, for plaintiff in error.

Albert Rennie, for defendants in error Eliza and C. C. Bloodworth.

Opinion by DAVIS, C. This action was begun in the district court of Garvin county, Okla. The parties will be referred to as they appeared in the lower court.

The First Trust & Savings Bank of Chicago, Ill., executor of the estate of Samuel H. Graves, deceased, commenced this action against Eliza Bloodworth, C. C. Bloodworth, W. H. Paul, O. W. Patchell, and M. Henderson and Patchell & Henderson, a partnership composed of O. W. Patchell and M. Henderson, for the purpose of securing a judgment on a note of $1,000, executed by Eliza Bloodworth and her husband, C. C. Bloodworth, and to foreclose a mortgage given to secure the payment of said sum of money. The petition is in the usual form and asks for judgment against the defendants for the sum of $1,000 and accrued interest, and for a further judgment foreclosing the lien on the property described in said mortgage, and also to declare said lien prior to any interest or estate that the other defendants may have in said property. The facts out of which this litigation grows are as follows: The defendants Eliza Bloodworth and C. C. Bloodworth were desirous of procuring a loan of $1,000, and on or about the 5th day of August, 1908, an application was sent by C. O. Fish, of Guthrie, Okla., to A. W. Bronson of Topeka, Kan., for the purpose of securing this loan. A. W. Bronson was engaged in the business of making farm loans and represented Samuel H. Graves, who resided in Chicago, Ill. This application, upon being received by A. W. Bronson as the agent of Samuel H .Graves, was approved, and a loan was recommended on the property described in said application for the sum of $1,000. After the approval of this loan by Mr. Bronson, Eliza Bloodworth and C. C. Bloodworth executed their note to Samuel H. Graves in the sum of $1,000, and also a real estate mortgage for the purpose of securing the payment of said note. The real estate mortgage was duly acknowledged by Eliza Bloodworth and C. C. Bloodworth, before W. W. Howerton, a notary public in Garvin county, Okla. The note and mortgage were forwarded to Mr. Bronson by Mr. C. O. Fish, of Guthrie, and a draft was drawn on Samuel H. Graves, payable to the order of C. O. Fish. as the agent of Eliza Bloodworth. Upon the presentation of this draft and a receipt of the note and mortgage, the $1.000 was paid to the order of Mr. Fish.

The draft appears to have been paid on the 10th day of September, 1908. The defendants Eliza Bloodworth and C. C. Bloodworth filed an answer to the petition of plaintiff and admitted the execution of the note and mortgage herein sued upon, but state that they did not receive any part of the consideration for which the note and mortgage sued on were given, and ask that said mortgage be canceled and any cloud that may be cast upon their title to the lands described in said petition be removed therefrom, and that the title to said lands be quieted in the said defendants.

The plaintiff filed a reply to this answer, setting forth that the consideration for said note and mortgage had been paid to Mr. C. O. Fish, who was the duly authorized agent of the defendants Eliza Bloodworth and C. C. Bloodworth. The answer further sets forth that the plaintiff was not advised of any trouble that the defendants had had in reference to the collection of said $1,000. It is further pleaded in said reply that. subsequent to the payment of this draft to Mr. C. O. Fish, Eliza Bloodworth had instituted an action in the district court of Garvin county, Okla., for the purpose of collecting said money from C. O. Fish, and that in said petition it was set forth by Eliza Bloodworth that she had employed C. O. Fish as her agent to procure a loan of money from Samuel H. Graves, that she and her husband executed the note and mortgage in controversy, and that Mr. Fish was to receive the sum of $75 as his commission in negotiating the loan, and that he had failed and refused to pay the said $1,000 to Eliza Bloodworth. Attached to this reply is a copy of the petition filed in the district court of Garvin county, in the case wherein Eliza Bloodworth was plaintiff and C. O. Fish was defendant. It is unnecessary to notice the pleadings of the other defendants in this action for the reason that no appeal was taken from the judgment rendered in favor of O. W. Patchell and M. Henderson.

On the foregoing issues this cause was submitted to a jury, and a verdict returned in favor of the defendants Eliza Bloodworth and C. C. Bloodworth, and against the plaintiff. A motion for a new trial was filed and overruled, and, from the action of the court in overruling the motion for new trial. this appeal is prosecuted by a petition in error.

There are numerous assignments of error, but under the view that we take of this case it is necessary to consider only two propositions in this case. The defendants have filed

a motion to strike the case-made for the reason that it was not served within the time allowed by the court. It seems that on the 30th day of May there was allowed to the plaintiff an extension of 90 days, and there was a second order subsequently made granting to the plaintiff an extension of 60 days. In the first extension granted by the court the following order appears:

"The court hereby extends the time for making a case-made to ninety days from this date."

Thereafter on August 16, 1916, the second order was made, which is as follows:

"That said date in which to prepare and serve case-made and file petition in error be extended sixty days from the expiration of the time formerly allowed."

The case-made was not served until the 27th day of October. 1916, and it is the contention of the defendants that the time within which the case-made. could legally be served expired at midnight on the 149th day, or at midnight of October 26th, and hence the case-made was served one day after the time allowed and is therefore a nullity. This proposition has been decided adversely to the contention of defendants by this court. In the case of St. Louis Com. Co. v. J. H. Calloway, 5 Okla. 393, 47 Pac. 1088, this identical question was before the court, and the syllabus is as follows:

"Where, by an order of court, time is given to a certain day within which to serve a case-made or other papers or to do any act in court practice, the time allowed includes the day named as the close of the period prescribed, and where an order was made granting to the 6th day of May, 1895, to make and serve a case-made, held, that such case-made was served in time when served on said day."

On the authority of the foregoing case, the motion of the defendants to strike the case-made is overruled.

The remaining proposition to be determined is whether or not the action of Eliza Bloodworth in bringing suit against C. O. Fish in the district court of Garvin count/ for the purpose of recovering the $1,000 advanced by Samuel H. Graves on the note and mortgage constitutes such an election of remedies as bars the defendants from setting up as a defense in this action the fact that no consideration has been received by them on said note and mortgage. The record discloses a long series of litigation over this money. in which the defendants have taken positions that are inconsistent with the claim here asserted. The draft was honored at Topeka, Kan., on the 26th day of September, 1908. A short time prior to the 26th day of October, 1908, a suit was instituted in the district court of Garvin county, Okla., by Moman Pruitt and A. C. Cruce, as plaintiffs, against Eliza Bloodworth, as defendant. A summons in garnishment was issued in that action and served on Fred V. Graham for the purpose of securing a lien on this identical money. The plaintiffs in that action were seeking to recover a judgment against the defendant for the sum of $2,400 alleged to be due the plaintiffs as attorney's fee for defending the husband of Eliza Bloodworth. The summons in garnishment was duly served on Fred V. Graham, and on the 29th day of October 1908, Eliza Bloodworth filed an answer in garnishment for the purpose of having the money in the hands of Fred V. Graham released. In that answer is the following allegation:

"And now answering for the garnishee herein, F. V. Graham, defendant states: That it is true that said garnishee has in his possession money coming to this defendant to the amount of $1,000, and she avers that said obligation arose in this manner, to wit: That on the —— day of ————, 1908, she obtained an order removing her restrictions of alienation upon said portion of her allotment described as exclusive of her homestead, and thereupon she made application to one Samuel H. Graves for a loan of $1,000 by giving him a mortgage on said surplus portion of said allotment. That in procuring said loan the said F. V. Graham, garnishee, acted as her agent and so receiving the money on her said note and mortgage and now holds same to pay over to the defendant upon his discharge as such garnishee."

This answer was duly sworn to on the 26th day of October, 1908. A copy of the appearance docket in said cause was introduced in evidence, and shows that, on the same day this answer in garnishment was filed, F. V. Graham also filed an answer. However. the answer was not introduced in evidence at the trial of this cause. The record is silent as to the final disposition of the case of Pruitt & Cruce v. Eliza Bloodworth. A short time after the foregoing proceedings were had, Eliza Bloodworth instituted a suit in the district court of Garvin county against Mr. C. O. Fish to recover the money advanced by Samuel H. Graves on the note and mortgage herein sued upon. The allegations in that petition that are material to a consideration of this case are as follows:

"Now comes the plaintiff, and complaining of the defendant avers: That on or about the —— day of September, 1908, she employ-

ed him as her agent to procure a loan of money from one Samuel H. Graves, and that to enable the defendant to accomplish said loan she executed and ·delivered to the defendant for said Graves a real estate mortgage to the plaintiff unto said Graves on certain lands belonging to the plaintiff located in Garvin county, Okla., and the defendant obtained from said Graves by virtue of said mortgage the sum of $1,000. That as compensation for his services and the services of one Fred Graham, who was acting as an agent for the defendant in the loan business, she promised and agreed to pay the defendant the sum of $75, but should have received from the defendant the sum of $925 from the sum so obtained by him from said Graves; but though frequent demands have been made for said sum defendant has failed and refused to pay the plaintiff any part thereof."

The evidence discloses that this suit was tried in the district court of Garvin county, and that the plaintiff obtained a judgment against the defendant for the amount sued for. That the defendant appealed from the judgment of the district court of Garvin county, Okla., to the Supreme Court of this state and secured a reversal of said judgment. The case was remanded to the district court of Garvin county and again tried, and resulted in a judgment in favor of defendant C. O. Fish. The case of Fish v. Bloodworth is reported in 36 Okla. 586, 129 Pac. 32. It will be seen from a reading of this case that the main question involved and decided by the court was whether or not Fred V. Graham was the agent of C. O. Fish or Eliza Bloodworth. It was nowhere intimated or contended that C. O. Fish was the agent of Samuel H. Graves. When the evidence was concluded in this case, the plaintiff requested the court to give the following instruction:

"The jury is instructed that, since it appears in this case that the defendant Eliza Bloodworth has heretofore instituted an action against one C. O. Fish for the money paid over by the testator of the plaintiff in this case and has thereby in effect ratified and confirmed the note and mortgage herein sued upon as valid obligations against her, said action having been prosecuted to judgment, the defendants are now barred and estopped from denying the consideration for said mortgage, and the only question for your determination is the amount due upon said note and mortgage."

· This instruction was refused and proper exceptions taken by the plaintiff. The refusal to give this instruction constitutes reversible error. The material question in this case is whether or not the election of Eliza

Bloodworth to sue C. O. Fish is such an election as precludes her from denying that she received the consideration for the note and mortgage herein sued upon. It is a well-settled principle of law that, when a party has two inconsistent remedies and elects one and pursues it to judgment with full knowledge of the facts, such election constitutes a bar to pursuing the alternative remedy. The rule laid down in 15 Cyc. pp. 259, 260, is as follows:

"By a preponderance of authority the mere commencement of any proceeding to enforce one remedial right, in a court having jurisdiction to entertain the same, in such a decisive act as constitutes a conclusive election, baring the subsequent prosecution of inconsistent remedial rights."

In the case of National Bank of Ill. v. First National Bank of Emporia, Kan., reported in 57 Kan. 115, 45 Pac. 79, the following rule is announced:

"It was held by this court in Moline Plow Company v. Rodgers et al., 53 Kan. 743, 749, 37 Pac. 111 (42 Am. St. Rep. 317), in accordance with numerous authorities, that an election by a party of one of two inconsistent remedies, once fairly made with knowledge of the facts, is binding and conclusive, so that he cannot abandon it and choose the opposite remedy; and this case was cited and followed in City of Larned v. Jordan, 55 Kan. 124, 128, 39 Pac. 1030. * * * The principle was well stated in Thompson v. Howard, 31 Mich. 309, 312, where the Supreme Court (of the state) of Michigan said: 'A man may not take contradictory positions, and where he has a right to choose one of two methods of redress, and the two are so inconsistent that the assertion of one involves the negation or repudiation of the other, his deliberate and settled choice of one, with knowledge * * * of such facts as would anthorize a resort to each, will preclude him thereafter from going back and electing again."

In case of Campbell v. Kauffman Mllg. Co., 42 Fla. 328, 29 South. 435, the doctrine of election is stated as follows:

"A party cannot, either in the course of litigation or in dealing in pais, occupy inconsistent positions. Upon that rule election is founded. A man shall not be allowed approbate and reprobate. And where a mau has an election between several inconsistent courses of action, he will be confined to that which he first adopts. The election. if made with knowledge of the facts, is in itself binding. It cannot be withdrawn without due consent. It cannot be withdrawn, though it has not been acted upon by another by any change of position." Westerfeld v. N. Y. Life Ins. Co., 129 Cal. 68, 58 Pac. 92, 61 Pac. 667; Conrow v. Little, 115 N. Y. 387, 22 N.

E. 340, 5 L. R. A. 693; Terry v. Munger, 121 N. Y. 161, 24 N. E. 272, 8 L. R. A. 216, 18 Am. St. Rep. 803; Robb v. Vos, 155 U. S. 13, 15 Sup. Ct. 4, 39 L. Ed. 52; Lowenstein v. Glass et al., 48 La. Ann. 1422, 20 South. 890.

The Supreme Court of this state has held that the election by a party of one of two inconsistent remedies constitutes a bar to a subsequent adoption of the other. In the case of Herbert v. Wagg, 27 Okla. 674, 117 Pac. 209, the following rule is announced:

"The general rule is that when the law gives several means of redress or kinds of relief, predicated on conflicting theories, the election of one of them operates as a bar to the subsequent adoption of others."

We might cite numerous other authorities, but deem it unnecessary, as the rule has been adopted in this jurisdiction that is announced in the following cases. Every action of Eliza Bloodworth, from the date that the draft was honored in this case up to the time that suit was brought to secure judgment on the note and to foreclose the mortgage to satisfy said judgment, is inconsistent with the course attempted to be taken in this action. The mortgage was permitted to remain on record for a period of something like six years, and the consideration therefor was never called in question until the defendants were called upon to pay the same. Only a few days subsequent to the payment of the draft. Eliza Bloodworth appeared in the district court of Garvin county and filed her answer in garnishment, and under the solemnity of an oath stated that Fred V. Graham had at that time the money in his possession that was advanced on this note and attempted to secure a release of this money on the ground that it was exempt from execution. Only a short time subsequent to that date, she instituted a suit against C. O. Fish in the district court of Garvin county for the recovery of this money, stating in said action that C. O. Fish was acting as her agent in securing this loan. That suit was prosecuted to a final judgment, and the record discloses that it was tried twice in the lower court and was before this court also. It was not the fault of Samuel H. Graves that the defendant did not receive this money. He performed all that was required of him, when his authorized agent paid the money to the authorized agent of Eliza Bloodworth; and, if through the fault of her agent the money was lost, the burden should fall upon the party responsible for said loss. The suit against C. O. Fish was an admission of his agency and of his authority to receive the money paid on said note and mortgage, and is wholly inconsistent with the theory that no consideration was ever paid. There is no merit in the contention that the defendants in this case did not have knowledge of the facts concerning these transactions. The record discloses that in each trial they were represented by able counsel, and in the case at bar the court directed a verdict in favor of Patchell & Henderson for the sum of $377.05, a large portion of which was their fee due for the work done in the case of C. O. Fish v. Eliza Bloodworth.

We are of the opinion that, when the defendant in this case instituted her suit against C. O. Fish and prosecuted the same to judgment, it constituted an election which forever barred her from denying the consideration paid for the note and mortgage herein sued upon. Hence the court should have given the instruction requested by the plaintiff.

We are therefore of the opinion that the cause should be reversed and remanded to the district court of Garvin county, with instructions to proceed in accordance with the views expressed herein.

By the Court: It is so ordered.