Note.—See under (1) 4 C. J. pp. 853, 854, §2834; 2 R. C. L. p. 202; 1 R. C. L. Supp. p. 441; 4 R. C. L. Supp. p. 91; 5 R. C. L. Supp. p. 81. (2) 28 Cyc. p. 1073; anno 36 L. R. A. (N. S.) 1194; L. R. A. 1915A, 382; 13 R. C. L. p. 104; 3 R. C. L. p. 104; 3 R. C. L. Supp. p. 14. (3) 37 C. J. p. 783, §123; p. 787, §128; 28 Cyc. p. 1077.

---

## HAILEY-OLA COAL CO. v. STATE INDUSTRIAL COMMISSION et al.

No. 16324—Opinion Filed Nov. 9. 1926.

Rehearing Denied Jan. 11, 1927.

**Master and Servant—Workmen's Compensation Law—Jurisdiction of Industrial Commission Divested by Pendency of Action to Review Orders.**

Where a party, feeling aggrieved by an order of the Industrial Commission granting refusing, increasing, or diminishing compensation under the Workmen's Compensation Law of this state, files his petition in the Supreme Court praying this court to review such order, the filing of such petition in this court divests the Industrial Commission of jurisdiction in the case. and any order made by the Industrial Commission while such petition for review is pending and undetermined in the Supreme Court is a nullity.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Original petition of the Hailey-Ola Coal Company to review an award of the Industrial Commission. The Industrial Commission, after hearing had, made its order dis-

continuing compensation to V. B. Vinzetti, and thereafter upon motion of the claimant, the Industrial Commission, while claimant's petition for review was pending in this court. vacated its order discontinuing compensation, and without notice to the Hailey-Ola Coal Company, and without further hearing, awarded additional compensation, and the Hailey-Ola Coal Company files its petition in this court to review the action of the Commission. Remanded, with directions.

George M. Porter and John L. Fuller, for plaintiff in error Hailey-Ola Coal Company.

E. C. Mariannelli, for defendant in error V. B. Vinzetti.

George Short, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for the State Industrial Commission.

Opinion by RUTH, C. The claimant. V. B. Vinzetti, was employed by the respondent, Hailey-Ola Coal Company, and while so employed sustained a fracture of the bones of the left leg between the knee and the thigh. The accident occurred on September 28, 1922, and claimant was sent to the hospital, where he remained for a period of two or three months, when he was discharged therefrom, and the respondent paid all doctor bills, hospital bills, etc., amounting to $387.50, and continued to pay claimant compensation provided by the Workmen's Compensation Law for a full period of one year and five months, or a total compensation, apart from doctor bills, etc., of $1,422, and offered compensation up to and including April 10, 1924. Further payment was stopped upon recommendation of the physicians, and in April, 1924, the respondent filed its motion with the Industrial Commission to set the cause down for a hearing for the purpose of determining further liability.

The cause was set for hearing at McAlester, on December 9, 1924, at which time and place plaintiff was present in person and by counsel and oral evidence introduced and a full hearing had, and on February 24, 1925, the Commission made a finding that the "disability resulting from said accidental injury had ceased prior to April 10, 1924, that any disability which the claimant suffered subsequent to April 10, 1924, was not the result of said aforementioned accident." The Commission then made its order sustaining the motion to discontinue compensation as of April 10, 1924.

The claimant, within 10 days after this order of discontinuance of compensation was made, filed his motion with the Commission to vacate said order and review the cause.

No notice of this motion was served upon respondent. Notwithstanding the pendency of this motion the claimant filed his petition in the Supreme Court praying a review of the order discontinuing compensation, said cause being No. 16250 in this court. Claimant says in his brief:

"The appeal was naturally filed while his (claimant's) motion was still pending and undecided. The Commission, knowing its decision would be reviewed by the appellate court, reconsidered the testimony and record, and found that its former order was erroneous, and on March 28, 1925, made an order and award which the Commission believed to be supported by the evidence, and in its opinion subserve the ends of justice better than its former opinion."

The record discloses that the Industrial Commission, while the petition for review was pending in this court, attempted to vacate its order discontinuing compensation, and attempted to promulgate an order increasing and continuing compensation for a period of 175 weeks, or three years and 15 weeks, and all this was done without notice to the coal company, and without additional evidence being taken, but simply upon motion and brief filed by claimant.

Claimant says in his brief:

"This is a prerogative which the Commission undoubtedly has under rule 30. of the Compensation Law. Section 7318, C. O. S. 1921, provides that the Industrial Commission shall make and adopt rules for the purpose of carrying into effect the provisions of this act (the act creating the Commission), and it appears the Commission did adopt rule No. 30, which provides how and when to proceed to have the Commission's award or orders reviewed before the Commission, by any party aggrieved thereby, and further provides that if 'in the opinion of the Commission, justice will be subserved thereby, a rehearing will be granted, and the award, order, or decision complained of will be vacated.'"

While it is true the power and jurisdiction of the Industrial Commission over each case is continuing, and in the exercise of that power and jurisdiction, it may, from time to time, make such modification or change with respect to a former finding or order as in its opinion may be just, either upon its own motion or upon the motion of either party, this power is suspended when the order of the Commission is before the Supreme Court for review.

There is no conflict between the foregoing finding and the opinion of this court as announced by Mr. Justice Phelps in Wilkerson v. Devonian Oil Co. et al., 114 Okla.

84, 242 Pac. 531, for the following reason: In that case the Industrial Commission made an order discontinuing compensation, and Wilkerson had the election of two remedies: (1) To move that the Commission vacate its order, or (2) to appeal to this court. He chose the latter, and pending his appeal. the Industrial Commission made no order in the case, and in the opinion announced by Mr. Justice Phelps, it was held:

"The power and jurisdiction of the Industrial Commission over each case is continuing, and in the exercise of that power and jurisdiction it may, from time to time, make such modification or change with respect to a former finding or order as in its opinion may be just, and the jurisdiction of the Commission after having once vested over a claim, being continuing, it is authorized to make such order as in its judgment may meet the ends of justice, either upon its own motion or upon the motion of any interested party to rehear, vacate or modify."

In the instant case, Vinzetti, the claimant, feeling aggrieved at an order of the Industrial Commission discontinuing compensation, elected to appeal to this court. His appeal was perfected, and while here pending and undetermined, Vinzetti concluded to also try his other remedy by filing his motion before the Industrial Commission, seeking a vacation of its order discontinuing compensation and reinstating his compensation, and the Commission, wholly disregarding the fact that Vinzetti's appeal was pending in this court, proceeded to reinstate the compensation, and thereafter Vinzetti dismissed his appeal in this court. The Hailey-Ola Coal Company thereupon filed its appeal in this court from the last order of the Industrial Commission.

Had Vinzetti dismissed his appeal in this court before relief granted by the Commission. he might have relied upon his motion in that tribunal. but between two inconsistent remedies, he elected to take both. This he could not do.

"Where the law gives several means of redress or kinds of relief predicated on conflicting theories, an election of one, with knowledge, operates as a bar to any subsequent change to or adoption of. any other." Herbert v. Wagg, 27 Okla. 674, 117 Pac. 209; First Trust & Savings Bank of Chicago v. Bloodworth, 70 Okla. 317. 174 Pac. 545; Vose v. Penny, 78 Okla. 238, 190 Pac. 97."

Unquestionably the claimant had a right to file his motion with the Industrial Commission for a vacation of the order of discontinuance of compensation, or he might have filed his petition in this court praying a review of such order, and he elected

to do both, and says he "thought he would take a chance and see what the outcome would be."

The filing of a motion for review, or for a new trial or rehearing before the Industrial Commission is not a prerequisite to filing an original petition in the Supreme Court to have an order of the Commission reviewed, and when the claimant files his motion for review with the Commission, and thereafter files his original petition in this court praying a review of the order of the Commission, he will be deemed to have waived his motion to grant a rehearing before the Commission, and upon the filing of the petition in this court, the Supreme Court acquires jurisdiction of the cause, and of all questions properly presented by the petition, and the Industrial Commission is ousted of jurisdiction and can make no valid, enforceable order until the matter has been finally adjudicated by this court, and then only such order as this court directs.

No cases are cited, and we do not think one can be found, wherein an inferior tribunal, whose judgment or orders are reviewable by an appellate court, has attempted to oust the Supreme Court of jurisdiction once properly acquired.

We therefore hold that the action of the Industrial Commission in making the order of March 28, 1925, being its order vacating its order discontinuing compensation and increasing compensation, is wholly void and unenforceable for want of jurisdiction of the case.

It is therefore ordered that the Industrial Commission be directed to vacate its order granting additional compensation to the claimant, and to reinstate its order of February 24, 1925, discontinuing compensation after April 10, 1924.

By the Court: It is so ordered.

Note.—See C. J.. p. 132, §151.