SKELLY OIL CO. v. HARRELL et al.

No. 30408.   Feb. 16, 1943.

*134 P. 2d 136.*

W. P. Z. German, C. L. Swim, and Hawley C. Kerr, all of Tulsa, for petitioner.

Joe B. Thompson, of Ardmore, and Mac Q. Williamson, Atty. Gen., for respondents.

OSBORN, J. This is an original proceeding in this court instituted by the Skelly Oil Company, hereinafter referred to as petitioner, to obtain a review of an order made on May 21, 1941, by the State Industrial Commission sitting en banc and which affirmed an award theretofore made on April 7, 1941, by a trial commissioner in favor of Glen William Harrell, hereinafter referred to as respondent.

The present award was made pursuant to an application to reopen the cause on the ground of a change in condition. The sole question presented is whether or not the application was barred by the period of limitation prescribed by the provisions of 85 O. S. 1941 § 43.

Employer's first notice of injury was filed July 18, 1934, and fixed the date of respondent's injury as June 26, 1934. The notice described an injury to the right knee. A supplemental report stated that respondent returned to work on July 19, 1934. On August 2, 1934, the commission's form No. 7 was filed, stating that respondent was paid the sum of $17.55 as compensation for temporary total disability.

On August 16, 1938, the respondent filed a motion for hearing to determine permanent disability. Petitioner filed its answer and denial of liability in which it was alleged that the commission was without jurisdiction to make an award, and further denied "that claimant has any disability that is the result of an accidental injury sustained on June 26, 1934." An amended answer was filed in which it was alleged:

"That this claimant did not receive an accidental personal injury arising out of and in the course of his employment with this respondent on June 26, 1934, or on any other date previous to or subsequent to June 26, 1934, as is required by section 13350, C. O. S. 1931. Respondent asserts that whatever disability, if any, this claimant now suffers was caused solely by his own acts and relates in no way to his employment with this respondent."

Pursuant to hearings upon the motion to determine permanent partial disability, the commission, on February 15, 1939, found that "claimant sustained a 25 per cent permanent partial disability to his right leg due to said accidental injury," and awarded compensation accordingly. A motion to vacate the award was denied on March 15, 1939.

An action to review the award was instituted in this court, and on October 17, 1939, an opinion was promulgated sustaining the award. Skelly Oil Co. v. Harrell, 187 Okla. 412, 103 P. 2d 88. Application to file second petition for rehearing was denied June 11, 1940. On June 12, 1940, the mandate of this court was received by the Industrial Commission. On June 21, 1940, petitioner paid respondent and his attorneys the sum of $706.21, being the amount of the award with accrued interest.

On January 30, 1941, respondent filed his application to reopen the cause on the ground of a change in condition for the worse, alleging that the disability in his right leg had increased to at least 50 per cent.

Petitioner moved to dismiss the application on the ground that it was barred by the provisions of 85 O. S. 1941 § 43, fixing a period of limitation for the filing of an application to reopen a cause on the ground of a change in condition. Hearings were held before a trial commissioner, the motion was overruled, and it was found from the evidence that respondent had suffered a change in condition for the worse and "now has a 35% permanent partial disability to his right leg as a result of said injury," or an increase of 10 per cent, and compensation was awarded accordingly. The award was affirmed and adopted by the commission sitting en banc on May 21, 1941.

The single issue presented here is whether or not the application to reopen was barred by the provisions of section 43, supra. The applicable portion of the statute is as follows:

"The jurisdiction of the commission to reopen any cause upon an application based upon a change in condition shall extend for the maximum period of time measured by the number of weeks for which compensation could have been awarded by the commission had the condition of the claimant existed at the time original award was made thereon and unless filed within said period of time, same shall be forever barred."

Petitioner contends that the period of limitation fixed by the above statute began to run from the date of the original award by the commission, that is, February 15, 1939, and that the period was not extended by the institution of an action to review the award filed in this court, while respondent takes the position that said period began to run from June 12, 1940, the date of filing the mandate of this court with the Industrial Commission.

Petitioner cites the case of Big Muddy Coal & Iron Co. v. Industrial Commission, 289 Ill. 515, 124 N. E. 564, wherein it was held that a period of 18 months allowed by the Workmen's Compensation Act for review of an award runs from the date of entry of the award of the Industrial Commission, though the cause was pending before the Supreme Court on writ of error. It appears that the Illinois court adheres to the rule, recognized in many jurisdictions, that the requirement that a claim be filed within a period of time fixed by a statute of limitations is a prerequisite to the exercise of jurisdiction, whereas we adhere to the opposite view, that is, that said statutes of limitations are directory and not jurisdictional, and failure to comply with the requirements of said statutes constitute matters of defense that may or may not be raised. See Pine v. State Industrial Commission, 148 Okla. 200, 298 P. 276, 78 A. L. R. 1287, and annotation. We are not required to follow the policy of strict construction adhered to by the courts which hold that the requirements of said statutes are prerequisite to the exercise of jurisdiction.

There are two primary requisites to the entry of a valid and enforceable award of compensation to an injured workman: First, the liability of the employer must be finally determined; second, the nature and extent of the disability must be determined to the end that the amount of compensation be properly fixed. Examination of the various statutes authorizing the Industrial Commission to reopen its previous awards for the purpose of increasing, diminishing, or ending the amount of compensation previously awarded, or fixing a continuing jurisdiction over said causes in the Industrial Commission, discloses that said statutes make no reference to inquiry into the question of liability of an employer. All of these statutes proceed from the premise that they should become operative only after the question of liability had been finally determined.

The statute involved herein deals with a single subject, that is, the *reopening* of a cause on the ground of a change in condition. In such a proceeding the authority of the commission is limited to a readjustment of the amount of compensation, and to this end it is authorized to inquire into the nature and degree of disability which has developed as a result of an injury which had theretofore been adjudged to be compensable.

The action to review the award dated February 15, 1939, was instituted by the petitioner. During the pendency of said action, the prosecution of a proceeding to reopen on the ground of a change in condition would have afforded no purpose except to toll the statute of limitations, in that any award entered pursuant to such a proceeding would have been unenforceable, since the question of liability was undetermined.

The general rule is that the statute of limitations begins to run when the cause of action accrues, and the true test to determine when the cause of action accrues is to ascertain the time when "the plaintiff could first maintain

his action to a successful result." Broadwell v. Board of County Commissioners, 88 Okla. 147, 211 P. 1040.

To follow the contention of petitioner would be to hold that while the action to determine liability filed by it was pending, the above statute of limitations would run in its favor unless the proceeding to reopen was instituted while said action to determine liability was pending, even though said proceedings to reopen could not be prosecuted to a successful result. Obviously, it was not intended that an injured workman should be forced to prosecute a proceeding to reopen for the sole purpose of avoiding the bar of limitations against the right to reopen, but on the contrary it was intended that he should be afforded the benefit of the full period provided by the statute from and after the date upon which the employer's liability was determined.

Award sustained.

CORN, C. J., and RILEY, BAYLESS, HURST, and DAVISON, JJ., concur. GIBSON, V. C. J., and WELCH, J., dissent. ARNOLD, J., absent.

---

GIBSON, V. C. J. (dissenting). The plain meaning of the statute of limitation involved herein is changed by the so-called liberal construction in the majority opinion. To reach its conclusion, that opinion inserts words into the statute that were not employed by the Legislature. If the statute is to be changed, it is the function of the Legislature to do so.

It is provided in 85 O. S. 1941 § 43:

"The jurisdiction of the commission to reopen any cause upon an application based upon a change in condition shall extend for the maximum period of time measured by the number of weeks for which compensation could have been awarded by the commission had the condition of claimant existed *at the time original award was made* thereon and unless filed within said period of time, same shall be forever barred."

Construing the foregoing statute, this court has held that the period of time during which the State Industrial Commission has jurisdiction to reopen any cause upon change of condition is to be calculated from the date of the last prior order or award made by the commission (Earl W. Baker & Co. v. Morris, 176 Okla. 68, 54 P. 2d 353); and in Behling v. Fox Rig & Lbr. Co., 187 Okla. 682, 105 P. 2d 532, it was held:

"The State Industrial Commission has no jurisdiction to reopen a cause upon change of condition where the application is filed subsequent to the time for which the condition, as changed, would have been compensable if it had existed when the original award was made."

The disability of the respondent being a permanent partial disability to a leg, the schedule of compensation therefor was fixed and limited by subdivision 3, sec. 13356, O. S. 1931, 85 Okla. Stat. Ann. § 22, subd. 3. Respondent in his application to reopen the cause did not claim and by the evidence submitted did not offer to prove that he had more than a 50 per cent permanent partial disability to his leg at the time the hearing was held, and under the evidence thus submitted the trial commissioner found that the respondent had only a 35 per cent disability in his right leg. It therefore is apparent that had this degree of disability existed on February 15, 1939, when the last previous award of the commission was made, the limit of time for which compensation could have been awarded at that time would have expired more than nine months before the application to reopen was filed. Therefore, under the provisions of the statute, supra, and the former decisions of this court, the State Industrial Commission was clearly without jurisdiction to entertain the application of the respondent and to make the award which is here submitted for review. The respondent relies upon Johnson v. Johnson, 182 Okla. 293, 77 P. 2d 745, and Board of Com'rs of Rogers County v. Baxter, 113 Okla. 280, 241 P. 752, to sustain the award on the ground that the period of time

provided in the statute should be calculated from the date that the mandate of this court was received by the State Industrial Commission. The foregoing cases, when examined, reveal that the first is authority for the rule that where a person is prevented by paramount authority from exercising a legal remedy the statute of limitations will be suspended, and the next is authority for the rule that where a right of action results from the reversal of a cause the statute of limitations does not begin to run until the mandate has been received and spread of record. Neither case is in point.

A proceeding in this court to obtain a review of an order or award of the State Industrial Commission acts to supersede the jurisdiction of the commission as to the particular matter involved, but does not interfere with the general jurisdiction of the State Industrial Commission in matters not so involved. Scruggs Bros. & Bill Garage v. State Industrial Commission, 94 Okla. 187, 221 P. 470; Hailey-Ola Coal Co. v. State Industrial Commission, 123 Okla. 64, 251 P. 1040. On the other hand, the jurisdiction of the State Industrial Commission is a continuing one so far as its power to make awards on change in condition is concerned. White Oak Refining Co. v. Whitehead, 149 Okla. 297, 298 P. 611.

It follows that the respondent was not precluded from filing his application to reopen his cause and to be granted additional compensation by the pendency of the former proceeding in this court, and that therefore he was not prevented by any paramount authority from exercising the remedy provided him by statute, and it goes without saying that his right to additional award on change in condition would not arise by reason of the previous award becoming final, and therefore the date when the mandate of this court was received by the State Industrial Commission became immaterial.

I therefore respectfully dissent.