Don **WADDLE**, Petitioner,

v.

**STATE INDUSTRIAL COURT of the State of Oklahoma, Akers Auto Salvage and State Insurance Fund, Respondents.**

No. 40748.

Supreme Court of Oklahoma.

July 14, 1964.

**512**

Richard J. Spooner and Harley E. Venters, Oklahoma City, for petitioner.

Mont R. Powell and Fred Nicholas, Jr., Oklahoma City, for respondents.

WILLIAMS, Justice.

The question to be determined in this proceeding is whether or not the State Industrial Court retains jurisdiction of any feature of a cause where an action is instituted in this Court to review an order of that court made with reference to some other feature of such case.

On March 28, 1962, claimant received an injury covered by the Workmen's Compensation Act. He was paid some temporary compensation and furnished medical attention.

On December 13, 1962, following a hearing, the trial judge issued an order requiring respondents to "furnish claimant plastic surgery for reconstruction of his [right] ear" and to pay temporary compensation during claimant's "periods of temporary total disability by reason of such treatment". In that order the trial judge further found "That the only issue for the Trial Judge to pass upon at this time is that of said application of claimant for plastic surgery; and that the question of permanent disability, if any, and permanent disfigurement, if any, is reserved for further hearing". Such order, insofar as is pertinent to this action, was affirmed on appeal to the State Industrial Court en banc. An action is now pending in this Court for review of that order.

On March 29, 1963, claimant filed in the Industrial Court a motion to require respondents "to resume payment of temporary total disability" and "to furnish claimant medical attention".

Several hearings were held in connection with such motion. After the last hearing, the trial judge ordered respondents to pay claimant compensation for temporary total disability and furnish him medical attention for the injury to his head. In the order of the trial judge, a finding was made that the head injury was entirely separate and distinct from the injury to claimant's right ear, and the State Industrial Court had jurisdiction "to determine the distinct issue".

The respondents appealed that order to the State Industrial Court en banc. Such court vacated such order "for the reason that the State Industrial Court is without jurisdiction in this case as the same is pending in the Supreme Court on appeal from an earlier order entered on December 13, 1962."

■ Claimant instituted this original action to review the order of the State Industrial Court vacating the order of the individual judge of that court. For reversal he advances the proposition that "After an appeal has been taken to the Supreme Court from an Award or Order of the State Industrial Court, the continuing power of the Court over the case is suspended only as to its power to modify or change the award or order appealed from and as to questions raised by the appeal but continues as to other and different aspects of the case." We agree.

The Workmen's Compensation Act of Oklahoma was largely patterned after the New York Act. Title 85 O.S.1961 §. 84, in pertinent part, provides:

"The power and jurisdiction of the Commission over each case shall be continuing and it may, from time to time, make such modifications or changes with respect to former findings or orders relating thereto if, in its opinion, it may be justified, * *."

Article 7, Sec. 123 of the New York Act, McKinney's Consol. Laws, c. 67, in pertinent part, provides:

"The power and jurisdiction of the board over each case shall be continuing, and it may, from time to time, make such modification or change with respect to former findings, awards, decisions or orders relating thereto, as in its opinion may be just, * * *."

In the case of Noel v. Kozak, 148 Okl. 210, 298 P. 298, in the second paragraph of the syllabus, we held:

"The statutes providing that the commission may review an award at any time on the ground of change in condition should be liberally construed in the interest of the employee, * * *."

In the case of Tankersley Construction Co. v. Ohls, 152 Okl. 203, 4 P.2d 68, we said:

"The very purpose of the continuing jurisdiction of the commission, under the section about opening an award

on a change of condition (section 7296, C.O.S. [85 Okl.1961 § 28]), as well as section 7325 C.O.S. 1921, as amended by Laws 1923, c. 61, § 13 [85 O.S.1961 § 84] confirming continuing jurisdiction, was to take care of cases as they were developed."

In 100 C.J.S. Workmen's Compensation § 734, pp. 1097, 1098, is the following language:

"After proceedings for review or appeal are taken from a decision or award of a board or commission, the board or commission ordinarily ceases to have further jurisdiction over the controversy pending the appeal; * *. It has been held, however, that although the power of a board to modify or change its award may be suspended as to the question raised on appeal, *its power is unaffected in other respects,* and it may open the proceedings and take further testimony but it is not required to do so." (Emphasis ours.)

As authority for that portion of the above language which we emphasized, the author cites the case of Jones v. Schenectady Boys Club, 276 App.Div. 879, 93 N.Y.S.2d 764. In that case the court stated:

"After the Board had decided that claimant was covered by the statute and made an award, and after an appeal from the decision and award had been taken to this court, the Board rescinded · and modified its award to reduce it somewhat. No separate appeal has been taken from the award as finally made, but the continuing power of the Board to modify or change its awards was suspended during the pendency of the appeal as to questions raised by the appeal, although in other respects its power over decisions and awards was unaffected."

In the case of Scruggs Bros. & Bill Garage v. State Industrial Commission, 94 Okl. 187, 221 P. 470, 475, we stated:

" * * * (A)lthough the Industrial Commission has and retains general

jurisdiction over cases arising under the Workmen's Compensation Law, yet, when once the commission has made a finding, or an award, and a petition has been filed in the supreme court to review such finding and award, *the commission is thereby ousted of its jurisdiction over the particular matter involved in the appeal * * *.*" (Emphasis ours.)

In the fourth paragraph of the syllabus in the case of Stetler v. Boling, 52 Okl. 214, 152 P. 452, (not a workman's compensation case) we held:

"When the Supreme Court acquires jurisdiction of a case by appeal, the jurisdiction of the trial court is ousted as to any question involved in the appeal; but jurisdiction of collateral matters, not involved in the appeal, or matters happening subsequent to the appeal, remains with the trial court."

In the instant case claimant seeks medical attention and temporary total compensation for injuries not connected with the plastic surgery to his ear previously ordered by the Industrial Court and an action to review the order referring to the latter matter was on appeal to this Court at the time of the entering of the order here and now under consideration. The relief sought by claimant in the matter here and now under review by this Court has no connection with and does not concern the same subject of review as does the order directing respondents to furnish plaintiff plastic surgery. Therein, the consideration of other matters was specifically reserved by the State Industrial Court.

We fail to see how the entering of the order initially made by the trial judge here and now under consideration could adversely affect any of respondents' rights involved in the action filed in this Court seeking vacation of the order directing plastic surgery.

Respondents cite and rely on the case of Hailey-Ola Coal Co. v. State Industrial Commission, 123 Okl. 64, 251 P. 1040 and Pioneer Mills Co. v. Webster, 186 Okl. 616, 99 P.2d 507. We consider such cases not to be applicable to the facts of the instant case. In the Hailey-Ola case, after an action had been initiated in this Court to review an order of the Industrial Court, that court sought to modify and change the order under review by this Court. In the present case, as above noted, the second order involves totally different subject matter. In the Webster case, an action was instituted in this Court to review an award to the claimant for permanent partial disability. This Court vacated that order. After remand from this Court the order subsequently entered by the State Industrial Commission (now Court) was one made without notice to the employer. In our opinion we held that "On remand thereof the matter stood as if no award had been made, and further hearing was necessary to valid order for compensation. * * * Orderly hearing is essential to an award, and notice thereof, or an opportunity to be heard, is jurisdictional. * * * Here it should be borne in mind that the award in question was not rendered upon change of condition, and we give no opinion as to failure of notice in such case." No question of notice is here involved. Further, the quotation from that case upon which respondents rely was dictum and not applicable here for both of such reasons.

We hold that a proceeding in this Court to review an order of the State Industrial Court divests such court of jurisdiction of the particular matters or issues sought to be reviewed only and that the State Industrial Court has continuing jurisdiction over aspects of the cause not directly or indirectly involved in the action seeking vacation of such order.

The order of the State Industrial Court en banc is vacated for further proceedings.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.