## GOSS v. CAUTHERS et al.

No. 20674.   Opinion Filed May 13, 1930.

Utterback & Stinson, for petitioner.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., and Ferguson & Semple, for respondents.

PER CURIAM. This is an original action in this court to review an award of the State Industrial Commission made and entered on the 24th day of August, 1929, wherein the respondent W. M. Cauthers was awarded compensation by the State Industrial Commission, and which compensation so awarded the petitioner herein is required to pay. The cause is now before the court on motion of the respondent to dismiss the action for the reason the petitioner has failed to comply with section 7297, C. O. S. 1921, as amended by chapter 30, Session Laws 1929, page 30, by failing to execute and file with the secretary of the Commission an undertaking as by said amended section required and present a proper certificate thereof to the clerk of this court.

This court in the case of Tidal Oil Co. v. State Industrial Commission, in 140 Okla. 5, 282 Pac. 359, announced the following rule:

"An action filed in this court to review an award of the State Industrial Commission where the petitioner fails to comply with section 7297, as amended by 1929 Session Laws, page 30, c. 30, which provides

that no proceedings to reverse, vacate, or modify any award or decision of the Commission wherein compensation has been awarded an injured employee shall be entertained by the Supreme Court unless the secretary of the Commission shall take a written undertaking to the claimant executed on the part of the respondent or insurance carrier, or both, with one or more sureties to be approved by the secretary, to the effect that the appellant will pay the amount of the award rendered therein, or on the further order of the Commission after the appeal shall have been decided by the Supreme Court. Before the Clerk of the Supreme Court shall accept the action for filing, a certificate from the secretary of the Commission shall be required, showing this provision has been complied with. Held, that this is jurisdictional, and upon failure to comply with this statute, this court is without jurisdiction to review said award. Said cause should be, and is, dismissed."

The record in this court fails to disclose that any certificate of the secretary of the Commission was presented to the clerk of this court showing the provision of said amended act has been complied with or that any attempt has been made to present the necessary undertaking to the Industrial Commission.

Under this condition of the record, the rule announced in the above-cited case is applied and the action is dismissed.