### TIDAL OIL CO. v. STATE INDUSTRIAL COMMISSION et al.

No. 20632.  Opinion Filed Nov. 19, 1929.

Y. P. Broome, W. P. McGinnis, and J. C. Wilhoit, for petitioner.

J. Berry King, Atty. Gen., by Ralph G. Thompson, Asst. Atty. Gen., and John A. Brett, Lydick, McPherron & Jordan, for respondents.

CLARK, J. This is an original action filed in this court on August 9, 1929, to review an award of State Industrial Commission made and entered on the 20th day of July, 1929, wherein the respondent C. H. Gillespie was awarded compensation by the State Industrial Commission. Respondents have filed in this court a motion to dismiss this cause for the reason that petitioners failed to comply with section 7297, C. O. S. 1921, amended by House Bill 44, 1929 Session Laws, page 30, c. 30, which provides in part as follows:

"The award or decision of the Commission shall be final and conclusive upon all questions within its jurisdiction between the parties, unless within 30 days after a copy of such award or decision has been sent by said Commission to the parties affected, an action is commenced in the Supreme Court of the state to review such award or decision. Said Supreme Court shall have original jurisdiction of such action, and is authorized to prescribe rules for the commencement and trial of the same. Such action shall be commenced by filing with the

Clerk of the Supreme Court a certified copy of the award or decision of the Commission attached to the petition by the complainant wherein the complainant or petitioner shall make his assignments or specifications as to wherein said award or decision is erroneous or illegal. Provided, however, no proceeding to reverse, vacate or modify any award or decision of the Commission wherein compensation has been awarded an injured employee shall be entertained by the Supreme Court unless the secretary of the Commission shall take a written undertaking to the claimant executed on the part of the respondent or insurance carrier, or both, with one or more sureties to be approved by the secretary, to the effect that the appellant will pay the amount of the award rendered therein, or on the further order of the Commission, after the appeal shall have been decided by the Supreme Court. Before the Clerk of the Supreme Court shall accept the action for filing, a certificate from the secretary of the Commission shall be required, showing this provision has been complied with."

Response has been filed to the motion to dismiss. No authorities are cited by petitioner or respondent which construe this particular statute or a similar statute. The constitutionality of this statute is not raised by either party to this cause. The controlling part of this statute reads as follows:

"Before the Clerk of the Supreme Court shall accept the action for filing, a certificate from the secretary of the Commission shall be required showing this provision has been complied with."

It is admitted that at the time of the filing of this action this provision had not been complied with. The action should be filed in the Supreme Court within 30 days after the award of the Industrial Commission and bond should be given and approved by the secretary of the Industrial Commission within that time, before the Clerk of the Supreme Court is authorized to receive and file the action to review the award of the Industrial Commission. It is true that on September 6, 1929, a certificate was filed showing that the supersedeas bond had been given as provided by this statute, but not within the 30 days allowed by law to file an action in this court to review an award of the State Industrial Commission. Is this requirement jurisdictional?

This act is similar to section 5101, C. O.

S. 1921. In regard to suit upon note of $300 or less, it provides, in part, that:

"No petition or bill of particulars shall be filed or any process issued where the amount of such sum is $300 or less, unless at the time of filing such suit, there shall be filed with such bill of particulars or petition, an affidavit setting forth that the contract sued on was not made in violation of the interest laws of this state. * * *"

This statute was construed by this court in Boarman v. Home State Bank, 111 Okla. 285, 239 Pac. 579. The first paragraph of the syllabus reads as follows:

"Section 5101, Comp. St. 1921, requiring the plaintiff in an action on a contract, or for the recovery of money loaned, to file an affidavit under said section that he had not violated the usury laws of the state, nor charged a greater rate of interest than ten per cent., is jurisdictional, and upon failure to file such affidavit said action should be dismissed."

Also in Wolfe et al. v. Stevenson et al., 129 Okla. 148, 264 Pac. 182, first paragraph of the syllabus is as follows:

"Section 5101, C. O. S. 1921, provides that if it shall be shown by the evidence, upon the trial of any suit brought upon any note or other evidence of indebtedness of $300 or less, that the contract sued upon is usurious and made in violation of the interest laws of the state, said suit shall be dismissed."

We are of the opinion that there is little difference, if any, in the two statutes. Section 7297, supra, as amended, requires that the supersedeas bond be given before the clerk shall accept for filing the application or petition in this court to review an award of the State Industrial Commission wherein compensation has been awarded, and the same must be filed within 30 days, and before the same can be legally filed the supersedeas bond must be given and approved.

We are of the opinion that, this petitioner having failed to comply with this section of the statutes, this court is without jurisdiction to review such award, and the application for a review is dismissed.

MASON, C. J., and HUNT, RILEY, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. LESTER, V. C. J., absent.