**BLAKE v. SMOCK et al.**

No. 23534. Opinion Filed July 12, 1932.

Hughes & Dickson and Lillard, Wheeling & Gibbons, for petitioner.

S. J. Clay, J. Berry King, Atty Gen., and Robt. D. Crowe, Asst. Atty. Gen., for respondents.

PER CURIAM. This is an original action filed in this court on April 15, 1932, to review an award of the State Industrial Commission made and entered on the 16th day of March, 1932, wherein the respondent C. P. Smock was awarded compensation by the State Industrial Commission. Respondents have filed in this court their motion to dismiss this cause, setting forth three separate grounds, to wit: First, that assignments numbered 2 and 3 raise questions that have been decided by this court adversely to the petitioner in an opinion rendered upon a former appeal, which makes these questions res adjudicata; second, that the assignments 1 and 4 are irrelevant and not supported by the facts, but were set forth in the present petition for review merely for the purpose of delay, as disclosed from certified copies of the award and orders of the Industrial Commission attached to respondent's motion and brief in support thereof; third, that the petitioner failed and neglected to file supersedeas bond with the Industrial Commission as required by law, and failed to file with the Clerk of the Supreme Court a certificate from the secretary of the Commission showing that the provisions of chapter 30, Session Laws 1929, have been complied with, and that more than 30 days have elapsed without the required bond and required certificate, and that therefore this court is without jurisdiction to review the award appealed from.

From the record it appears that the third ground stated in the motion to dismiss is well taken, and, if so, this court is without jurisdiction to review this cause, and it will shorten this opinion to consider the grounds for dismissal in reverse order.

The petition for review has attached thereto as "Exhibit A" a certified copy of the order and award made by the Industrial Commission, and shows the same to have been entered on March 16, 1932. No copy of any undertaking filed and approved with the Industrial Commission is attached to the petition, neither is there any certificate of the secretary of the Industrial Commission attached thereto showing that said undertaking has been filed and approved in accordance with the requirements of chapter 30, Session Laws, 1929. The petition to review contains the following statement relative to the undertaking, to wit:

"Your petitioner would further show to this court that he has heretofore filed with said Commission in this cause of action, a written undertaking duly executed with full and sufficient sureties approved by the secretary of said Commission, * * * all as required by law. A certificate from the secretary of said Commission, showing that said bond has been filed and the surety approved as required by section 7297, Compiled Statutes of 1921, as amended by House Bill No. 44, Laws of 1929, is hereby presented."

The certificate of the secretary referred to in the petition is not attached to the petition for review, neither does any such certificate appear in the files in the case. The motion to dismiss and the brief in support thereof show to have been served on the attorneys for petitioner on April 25, 1932, and filed in this court April 26, 1932. Two extensions of time for filing response have been granted to the petitioner by order of this court, the last on May 24, 1932, granting 10 days from said date. No response has been filed and no denial of the matters set out in the motion to dismiss, neither has any explanation been made or offered. It is therefore apparent that the statement contained in the petition as above quoted is erroneous; and the allegations of the failure to file supersedeas bond with the Industrial Commission and to file certificate from the secretary of the Commission, showing that bond had been approved and filed as by law required, must be taken as true and confessed.

This court, in the case of Tidal Oil Co. v. State Industrial Commission, 140 Okla. 5, 282 P. 359, announced the following rule:

"In an action filed in this court to review an award of the State Industrial Commission, where the petitioner fails to comply with section 7297, as amended by 1929 Session Laws, page 30, c. 30. which provides that no proceeding to reverse, vacate, or modify any award or decision of the Commission, wherein compensation has been awarded an injured employee, shall be entertained by the Supreme Court unless the secretary of the Commission shall take a written undertaking to the claimant executed on the part of the respondent or insurance carrier, or both, with one or more sureties to be approved by the secretary, to the effect that the appellant will pay the amount of the award rendered therein, or on the further order of the Commission after the appeal shall have been decided by the Supreme Court, and before the Clerk of the Supreme Court shall accept the action for filing, a certificate from the secretary of the Commission shall be required, showing this provision has been complied with, held, that this is jurisdictional, and, upon failure to comply with this statute, this court is without jurisdiction to review said award. Said cause should be and is dismissed."

The rule announced in Tidal Oil Co. v. State Industrial Commission, supra, has been followed by this court in subsequent decisions. Goss v. Cauthers, 143 Okla. 144, 287 P. 1040.

The record in this court fails to disclose that any certificate of the secretary of the Commission was presented to the clerk of this court, showing that the provisions of said amended act have been complied with, or that any attempt has been made to comply with the same.

Under the condition of the record, we are of the opinion that, the petitioner having failed to comply with this provision of the statute requiring the filing and approval of supersedeas bond, this court is without jurisdiction to review such award, and the appeal is dismissed.