DRITCH v. RAY et al.

No. 29672. May 29, 1944.

149 P. 2d 260.

Maris & Maris, of Ponca City, for petitioner.

Tom L. Irby, of Ponca City, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. The State Industrial Commission entered an award in favor of Roy Ray. Thereafter and within the time prescribed by statute the petitioner filed this proceeding.

A motion to dismiss has been filed for

the reason that no bond has been filed and approved by the secretary of the State Industrial Commission as required by section 13363, O. S. 1931, 85 O.S.A. § 29. The motion must be sustained.

We have held that the provisions of section 13363, supra, are mandatory, and that unless the bond is, taken and approved by the secretary of the State Industrial Commission, this court is without jurisdiction to consider the proceeding. Petitioner urges that it has presented a sufficient bond to the State Industrial Commission, and that said commission refused to file the same and approve the bond as by law required. The nature of the surety and the sufficiency of the bond is a matter within the discretion of the State Industrial Commission, and unless the secretary has refused to perform some duty imposed by law, this court will not interfere with the exercise of this discretion. The record does not disclose that the secretary abused the discretion conferred by law. The filing and approval of said bond is a prerequisite and a condition precedent to an original proceeding in this court to review an award of the State Industrial Commission. Union Indemnity Co. v. Saling, 166 Okla. 133, 26 P. 2d 217; Tidal Oil Co. v. State Industrial Commission, 140 Okla. 5, 282 P. 359; Blake v. Smock, 158 Okla. 204, 13 P. 2d 113.

The proceeding is dismissed.

CORN, C. J., GIBSON, V.C.J., and BAYLESS, HURST, and ARNOLD, JJ., concur.