John J. SMITH, Petitioner,

v.

The STATE INDUSTRIAL COURT, Respondent,

and

Cities Service Oil Company, Respondent and Cross-Petitioner.

No. 40839.

Supreme Court of Oklahoma.

Nov. 16, 1965.

Claud Briggs, Oklahoma City, for petitioner.

J. E. Jarvis, Bartlesville, Charles R. Nesbitt, Atty. Gen., for respondents.

Garrison, Preston & Preston, Bartlesville, for respondent and cross-petitioner, Cities Service Oil Co.

BERRY, Justice.

This cause is before the Court for consideration of employer's petition for rehearing. The petition is directed to our unpublished Memorandum Decision of April 14, 1964. The challenged decision denied employer's motion to dismiss this proceeding and effected a dismissal of employer's "alternative cross-petition" for review. The dismissal rested on our finding that employer had failed to timely file below the appeal bond required by 85 O.S.Supp.1963, § 29. The principal question for our determination on rehearing is whether the State Industrial Court sitting en banc may, consistent with the requirements of due process, vacate or substantially alter its prior decision within the 20 days prescribed for the commencement of an action for review in this Court, without notice to the party adversely affected thereby and without affording such party an opportunity to be heard.

In this proceeding, instituted here January 6, 1964, claimant sought review of an award made by the State Industrial Court en banc on December 17, 1963. A copy of this award was mailed to the interested parties on December 20, 1963. On December 30 of that year employer filed below an instrument designated as "petition for rehearing." In it employer sought the vacation of the award made on December 17. On January 6, 1964, the day claimant brought this proceeding here for review, there was filed below an "Order to Vacate" which was signed by three judges of the State Industrial Court. The order last mentioned recites, inter alia, that "(O)n January 6, 1964, the undersigned judges sitting en banc gave consideration to respondent's (employer's) petition for rehearing (of Dec. 30, 1963)" and on granting same, "the Order of December 17, 1963 * * * (was) vacated, set aside and held for naught."

Employer moved to dismiss claimant's petition for review, asserting that the vacation of the award made by Order of January 6, 1964, operated in its legal effect to leave the claim pending before the trial tribunal for final disposition. Employer invoked the rule stated in Dixon Brothers Lumber & Supply et al. v. Watson, Okl., 281 P.2d 182, and Vieth v. Cook, Okl., 306 P.2d 1110, 1111. In the cited cases the court held that a trial tribunal's decision which vacates a former order or award without effecting a final determination of the claim is merely interlocutory and hence not reviewable in this Court. Claimant countered that the "Order to Vacate" (of January 6) cannot operate to defeat this Court's jurisdiction of the present proceeding because such order is void since it was made (1) without advance notice to claimant and without affording him an opportunity to be heard in opposition to the petition for rehearing and (2) several hours after the trial tribunal's secretary had been served with notice that claimant's petition for review of the award of December 17, 1963, was pending in the Supreme Court.

On January 9, 1964, employer instituted in this cause what is denominated as an "alternative" cross-petition for review of the award (of December 17). Employer desires to pursue its cross-action "in the event that the motion to dismiss (claimant's action) * * * is not sustained". The cross-petition for review was challenged by claimant's motion to dismiss for failure to

file the statutory supersedeas bond within the time prescribed therefor by 85 O.S. Supp.1963, § 29. As stated earlier in this opinion, our Memorandum Decision effected a dismissal of the cross-action.

After giving due consideration to that part of the petition for rehearing which was directed to the dismissal of the alternative cross-action, the court discovered that the instruments on file left it in doubt as to the correct date the statutory bond was filed below. According to the certificate executed by a deputy secretary of the trial tribunal the bond in question was on file January 9, 1964, whereas as disclosed by the secretary's affidavit, the bond was not received below until January 13, 1964. In view of this discrepancy the court authorized the employer to proceed before the State Industrial Court for correction of the record nunc pro tunc to make it speak the truth. By order of June 18, 1964, the trial tribunal determined January 9, 1964, to be the true date "on which (employer's) supersedeas bond was filed in this cause."

■ The procedure employed for correction of the trial tribunal's record was proper and authorized by the decisions of this Court. See Forrester v. Marland, 142 Okl. 193, 286 P. 302, 303; Asplund Const. Co. et al. v. Williams, 150 Okl. 10, 300 P. 755, 756; McQuiston et al. v. Tyler et al., 186 Okl. 315, 97 P.2d 552; and City of Shawnee et al. v. Kinnamon et al., 207 Okl. 299, 249 P.2d 417. In the two cases last cited this Court held that the trial tribunal may, by a nunc pro tunc entry, effect correction of its own records to make them speak the truth and the correction may be made after the expiration of the 20-day period prescribed by 85 O.S.Supp.1963, § 29 for the commencement of an action in the Supreme Court.

Claimant does not challenge the trial tribunal's finding of the date employer's supersedeas bond was posted below. In his response of July 6, 1964, he "suggests that under the finding so made by the State Industrial Court by its order of June 18, 1964, this Court would be justified in modifying

its Memorandum Decision by Order by holding that the alternative * * * (cross-action) was filed on January 9, 1964, instead of January 13 of that year" and was within the time fixed by law.

■■ A cross-action to review a decision of the State Industrial Court must be filed within the same time and in the like manner as an original proceeding for review. Wilcox Oil & Gas Co. v. McFee, 198 Okl. 37, 174 P.2d 918; Tulsa Hotel v. Sparks, 197 Okl. 644, 174 P.2d 920; Trailmobile Co. v. Ray, 199 Okl. 9, 180 P.2d 1005. The filing of a bond with the trial tribunal's secretary, his approval thereof and issuance of a certificate showing such facts are jurisdictional requirements and must be performed within the 20-day period prescribed by 85 O.S.Supp.1963, § 29. Dritch v. Ray et al., 194 Okl. 235, 149 P.2d 260.

■ The supersedeas bond filed on January 9, 1964, was posted below within 20 days from December 20, 1963, the date a copy of the December 17 award sought to be reviewed was mailed to the parties. Employer's alternative cross-action is not subject to dismissal for want of timely commencement.

Our conclusion concerning the timeliness of the employer's cross-petition leaves for further determination the alleged prematurity of claimant's own action for review. The answer to that question depends on whether the "Order to Vacate" of January 6, 1964, must be accorded effect as a valid ruling of the trial tribunal en banc.

■■ Due process of law inexorably requires that the adversary parties before the State Industrial Court be given proper notice and an opportunity to be heard before any of their substantial rights are altered or affected. Amerada Petroleum Corp. v. Hester, 188 Okl. 394, 109 P.2d 820; C. K. Howard & Co. et al. v. McKay et al., 188 Okl. 623, 112 P.2d 169; Lewis v. Sinclair Prairie Oil Co., 189 Okl. 150, 114 P.2d 462, 463; McMinn v. State Industrial Court, Okl., 366 P.2d 954; Herb Banister Plumbing Co. v. Dreadin, Okl., 395 P.2d 645, 647. An order of the State Industrial Court

which vacates or substantially alters a prior decision without notice to the adverse parties and without affording them an opportunity to be heard constitutes denial of due process and is void. Kiespert v. Jenkins, Okl., 324 P.2d 283, 285; Nelson v. Central State Roofing Co., Okl., 345 P.2d 866.

The order of January 6, 1964, which purported to effect vacation of the trial tribunal's award of December 17, 1963, and deprive claimant of all rights and benefits secured thereunder, was entered without any advance notice to the claimant of the time and place a hearing would be held on employer's petition for rehearing. This fact is undisputed. It stands established by the instruments on file and by the affidavit of the secretary (of the trial tribunal) filed here pursuant to an order of this Court. There is no proof of any kind that claimant was afforded a hearing but waived his right thereto; that he consented to the entry of the adverse order; or that he "elected" to dispense with a hearing.

█ We accordingly hold that the order of January 6, 1964, is ineffectual and void for failure to afford claimant an opportunity to be heard, on due advance notice, in defense of his rights and benefits secured under the award of December 17, 1963.

█ Employer urges the trial tribunal en banc had plenary power to summarily vacate its award within the 20-day period prescribed by law for the commencement of an action for review. In support of this contention employer cites Sears, Roebuck & Co. v. Heller, Okl., 401 P.2d 184. We find that decision inapposite because the rule announced therein is strictly *confined to default awards or orders*. This is not the case here. The trial tribunal's award of December 17, made after a hearing en banc cannot be termed a default decision. "Default" is defined as nonappearance of a party to an action or proceeding within the time prescribed by law to prosecute claims or make defense. Davis v. Sandlin, Okl., 366 P.2d 931, 932; Green v. Hight, 194 Okl. 214, 148 P.2d 475; 49 C.J.S. Judgments § 187, pp. 324, 326. The exception applicable

to defaults is based on the premise that "one who obtains a default judgment is charged with notice that the judgment is merely conditional in the sense that it will not become final and absolute until the time within which it may be vacated has expired." Sears, Roebuck & Co. v. Heller, supra, 401 P.2d, p. 186.

There exists another compelling reason why claimant's action cannot be dismissed as prematurely filed because it seeks review of a valid interlocutory order. According to the affidavit of the trial tribunal's secretary, a copy of claimant's petition for review and of notice of appeal were received in his office on January 6, 1964, about "one hour to three hours" before the "order to vacate" was promulgated by the three judges. This fact stands undisputed by any evidence before us. Employer, although afforded ample opportunity to contradict this proof by depositions or otherwise, failed to present any evidence to the contrary.

█ The filing of a petition for review in the Supreme Court operates to divest the trial tribunal of jurisdiction of the particular matters or issues sought to be here reviewed. Any order made by that court pertaining to such matters and issues while the petition for review remains pending and undetermined in this Court is a nullity. Scruggs Bros. & Bill Garage v. State Industrial Commission, 94 Okl. 187, 221 P. 470; Hailey-Ola Coal Co. v. State Industrial Commission, 123 Okl. 64, 251 P. 1040; 100 C.J.S. Workmen's Compensation § 734, p. 1098. See also Waddle v. State Industrial Court, Okl., 394 P.2d 511. This rule accords with the general principle that the jurisdiction of the trial court, while a cause is pending on appeal, remains suspended until the mandate is issued and spread of record, except only as to matters which are collateral to the questions presented on appeal. Stetler v. Boling, 52 Okl. 214, 152 P. 452.

The trial tribunal's award of December 17 stood submitted here for review and its correctness was an issue in this Court at the time the three judges undertook to destroy

the legal existence of that award. The order of vacation was hence a nullity and cannot be considered as a bar to claimant's right of review of such award. This is because the attributes of finality with which the award of December 17 is clothed remain unimpaired and unaffected by the void order of vacation. Independent Oil & Gas Co. et al. v. Clark, 175 Okl. 257, 52 P. 2d 789, 792.

We hold that neither claimant's action nor employer's cross-action is subject to dismissal for want of jurisdiction; and the cross-action, dismissed by our Memorandum Decision of April 14, 1965, is reinstated.

■. The Court is unable, however, to exercise its reviewing cognizance because neither the claimant nor his cross-petitioning employer has supplied any record of the proceedings sought to be reviewed within the maximum period of 90 days prescribed by 85 O.S.Supp.1963, § 29. On petitioner's failure to timely file in this Court a transcript of the evidentiary proceedings sought to be review, this Court will presume that the findings of fact made by the trial tribunal rest on competent evidence so as to be binding on review. 85 O.S.1961, § 26; Ward v. State Industrial Court, Okl., 395 P.2d 578, 579.

The maximum period of 90 days prescribed by Sec. 29, supra, expired on April 9, 1964, 5 days before our Memorandum Decision was promulgated. This Court no longer has the authority to excuse the delay or grant leave to file the transcript out of time, if either claimant or employer were now to tender one. Ward v. State Industrial Court, supra. The statutory time limit is absolute in its terms and the Court is without power to order it tolled, suspended or arrested during the pendency of a motion to dismiss.

■ The errors assigned for review cannot be considered without an examination of the evidence adduced below. The award of December 17, sought to be reviewed appears regular on its face and the disposition made below is within the range of the trial tribunal's jurisdictional limits.

Claimant's action and employer's cross-action for review stand abandoned by failure to timely supply a record of proceedings. They are accordingly dismissed for want of prosecution.

Consistent with the views herein, the Industrial Court is hereby directed to vacate its order dated January 6, 1964, granting a rehearing; and further, to reinstate its order of December 17, 1963, affirming the award.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, BLACKBIRD, IRWIN, HODGES and LAVENDER, JJ., concur.

WILLIAMS, J., dissents.