ACME CONSTRUCTION COMPANY and the
Insurance Company of North America,
Petitioners,

v.

Meryl CARR et al., Respondents.

No. 45418.

Supreme Court of Oklahoma.

July 31, 1973.

Watts, Looney, Nichols & Johnson, by H. W. Nichols, Jr., Oklahoma City, for petitioners, Acme Const. Co. and The Ins. Co. of North America.

A. G. Crowe, Oklahoma City, for respondents, Swatek and Frontier Co. and Liberty Mutual Ins. Co.

IRWIN, Justice:

Claimant, Meryl Carr, was President and General Manager of Acme Construction Company, Petitioner, at the time he sustained an accidental injury (a heart disability) entitling him to Workmen's Compensation benefits.

The claim was filed against Acme Construction Company (Acme). Thereafter, Acme filed a motion to make Respondents, Swatek and Frontier Company (Swatek) and its insurer, Liberty Mutual Insurance Company, additional party respondents. Acme sought this joinder on the theory that it and Swatek were joint adventurers and that claimant sustained his accidental injury while engaged in the activities of the joint adventure. Claimant then filed an amended claim naming both Acme and Swatek as his employers.

The State Industrial Court, based on a finding that Swatek and its insurer were not proper parties to the action, entered an award in favor of claimant against Acme only and absolved Swatek and its insurer

of all liability. Acme seeks review of that order.

Acme is complying with the order awarding compensation and does not contend that claimant is not entitled to the benefits. However, Acme does contend that Swatek and it were joint adventurers; that claimant sustained his accidental injuries while engaged in the activities of the joint adventure; that Swatek and it were jointly liable for claimant's compensation; and the State Industrial Court erred in not entering the award jointly against it and Swatek as joint adventurers.

In W. B. Johnston Grain Company v. Self, Okl., 344 P.2d 653, we held that an employee engaged in activities of a joint adventure is an employee of the joint adventure and the liability of joint adventurers under such circumstances is joint and several.

The record discloses that Acme was contemporaneously engaged in three separate projects on the date claimant sustained his injuries. In one of the projects, referred to as the "East Reno Project", Acme and Swatek were joint adventurers. In the other two projects, referred to as the "Bethany Project" and the "Portland Project", Swatek had no interest. Claimant was the general superintendent of all three projects.

The day claimant sustained his accidental injury, claimant had visited the "East Reno Project" at approximately 8:00 A.M., and had visited the "Bethany Project" at 9:00 A.M. He left the "Bethany Project" and returned to his office at approximately 10:00 A.M. to get some testing equipment to take to the "Portland Project". Claimant bent over to pick up a box of the testing equipment, which weighed 75 or 100 pounds, and sustained a heart disability. Claimant testified that the testing equipment was to be used on the "Portland Project"; and that that project was solely Acme's project; and Swatek had no interest in the "Portland Project".

In order for Swatek to be jointly and severally liable it was necessary for the

proof to show that claimant's disability resulted from activities he engaged in on the "East Reno Project", the only project in which Acme and Swatek were joint adventurers. Stated in another way, in order to establish liability against Swatek it was necessary for the proof to show that claimant's disability arose out of and in the course of his employment on the project in which Swatek was a joint adventurer.

■ The order of the trial court is supported by competent evidence and will not be disturbed on appeal. Keller v. Campbell Glass & Mirror Co., Okl., 410 P.2d 873.

In considering Acme's contention that the trial court's order is too vague and indefinite for judicial determination, we find that Swatek interposed multiple defenses. Swatek filed a general denial; denied claimant was its employee and alleged claimant's claim was barred by limitations.

■ The State Industrial Court must make specific findings of ultimate facts responsive to the issues as well as conclusions of law upon which its order is made. Bowling v. Blackwell Zinc Company, Okl., 347 P.2d 1024.

■ The primary issue presented was whether claimant's disability arose out of and in the course of his employment in the "East Reno Project", the only joint adventure project. The trial court found that claimant's disability arose out of and in the course of his employment with Acme. The finding that Swatek and its insurer were "not proper parties to this action", necessarily includes a finding that claimant's disability did not arise out of and in the course of his employment on the joint adventure project. Having absolved Swatek and its insurer of liability on the grounds that they were not proper parties, it was unnecessary for the trial tribunal to make a specific finding on other issues which became moot. The order is not too vague and indefinite for judicial determination.

The next issue concerns Acme's failure to provide the written undertaking (bond) contemplated by 85 O.S.1971, § 29. Swatek contends that absence the filing of such undertaking, this Court does not have jurisdiction and filed a motion to dismiss.

To sustain its dismissal motion, Swatek relies on Smith v. State Industrial Court, Okl., 408 P.2d 317, and cases of similar import, which involved proceedings in this Court wherein the employer sought to reverse, vacate or modify an award or decision of the State Industrial Court wherein compensation had been awarded to an injured employee. In Smith, supra, we said that the filing of the bond with the trial tribunal's secretary, his approval thereof and issuance of a certificate showing such facts are jurisdictional.

In resisting the dismissal motion, Acme asserts there is no controversy whatsoever concerning the rights of claimant to the award entered by the State Industrial Court; that the only issues presented on review are between Acme and Swatek; and that the bond provisions of § 29, supra, are inapplicable under such circumstances.

Any decision rendered by this Court would not affect the rights of claimant but only the rights of Acme and Swatek and their insurers. Under these circumstances the aimlessness of an accessorial undertaking is inescapable. The Legislature will not be presumed to have intended to do a vain and useless thing. In fact, the undertaking provided for in § 29, supra, specifically provides "a written undertaking to claimant."

■ We hold that where an employer of an injured employee seeks to impose joint and several liability against A for the employee's compensation benefits on the theory that employer and A were joint adventurers, and the State Industrial Court enters an award against the employer only and absolves A from all liability and the employer seeks review of the order only against A, the written undertaking (bond) contemplated by 85 O.S.1971, § 29, is not necessary to invoke the jurisdiction of this

Court if the award to the injured employee is unchallenged and no lis pendens delay or hindrance to the injured employee results.

Award sustained.

DAVISON, C. J., WILLIAMS, V. C. J., and BERRY, HODGES, LAVENDER, SIMMS and JACKSON, JJ., concur.

FLOYD L. JACKSON, Special Justice, on assignment by the Supreme Court, served in place of DOOLIN, J.