Martha M. **BLEDSOE**, Petitioner,

v.

**MUNSINGWEAR CORPORATION**, Respondent,

**Associated Indemnity Corporation, Insurance Carrier.**

No. 52014.

Supreme Court of Oklahoma.

May 30, 1978.

William A. Robinson, Crowe, Robinson & Bower, Oklahoma City, for respondent.

J. Clark Russell, Oklahoma City, for petitioner.

SIMMS, Justice.

This proceeding for review stands for adjudication upon motion to dismiss by reason of the jurisdictional issue presented.

An order awarding compensation was vacated on en banc appeal and the cause remanded for further proceedings. After hearing, an order entered February 22, 1978 awarded compensation for permanent partial disability to the body as a whole.

Claimant then filed proceeding for review on February 28, 1978.

On March 14, 1978 respondents filed their cross-petition for review, alleging errors relating to weight and quality of evidence as well as errors of law. This cross-petition sought vacation and nullification of the award and restoration of all rights lost thereby. No written undertaking in claimant's favor was executed by respondents before the Secretary of the State Industrial Court. On March 16, 1978, two days after expiration of time allowed by 85 O.S.1971, § 29 for perfecting review, respondents filed supersedeas bond with the Secretary.

On March 31, 1978 claimant/petitioner moved to dismiss her proceeding for review. Contemporaneously, claimant moved to dismiss respondents' cross-appeal for lack of compliance with the bond requirements of § 29, supra. Claimant's voluntary dismissal of proceedings was granted by appropriate order April 7, 1978. Thereafter, respondents complied with direction that response be filed to claimant's motion to dismiss cross-petition for review.

Now presented for review is the fundamental jurisdictional issue of whether respondent's cross-petition for review was properly filed.

In summary, respondent urges there is no requirement they file an appeal bond when the principal proceeding for review is filed by claimant; that under court rules, 12 O.S.1971 Ch. 15, App. 2, § 1.100, et seq., which have force of statute, cross-appeals are to be filed in same manner as the principal proceeding, and this cross-appeal was filed within time; that rule requires claimant to file bond, and as a cross-petition is to be commenced in like manner no bond by respondents was necessary, and the statute and rules mean bond is to be filed only when respondent brings an original proceeding to avoid payment of an order awarding benefits.

Alternatively, respondents insist by the time claimant dismissed her petition for review they had a proper bond approved and their cross-petition then was the princi-

pal proceeding. Further, under Rule 1.101, any defect except timely filing of petition for review, must be disregarded if correctable and no substantial right of the complaining party is affected. That since no right of claimant was affected and there was no hinderance to the claim, no bond was required.

Decisions in *Title Guaranty & Surety Co. v. Foster*, 84 Okl. 291, 203 P. 231, and *Acme Const. Co. v. Carr*, Okl., 513 P.2d 113 (1973), are cited to support respondents' argument no bond was required in this proceeding. *Foster, supra,* concerned a motion to dismiss directed at a cross-petitioner's failure to make and serve separate case-made attached to cross-petition in error. Motion to dismiss was denied, because separate case-made would needlessly encumber the record, and procedural rules were to be applied reasonably to aid in protecting and enforcing rights. That decision is not analogous to the situation here.

Neither can the opinion in *Carr, supra,* be interpreted as supporting respondents' claim the provisions of § 29 are not absolute in requiring bond for review of State Industrial Court awards. The issue in *Carr* involved liability for compensation as between Acme and Swatek and their insurers, based upon assumed liability as joint venturers. No controversy involved liability for compensation. Acme was complying with an order for payment of compensation, and no decision rendered would affect claimant's rights.

Initially it should be noted that filing a cross-petition in error is a new proceeding, and in order to maintain errors alleged in any cross-petition it is necessary to comply with statutory provisions relating thereto. *Tulsa Hotel Co. v. Sparks*, 197 Okl. 644, 174 P.2d 920; *Wilcox Oil & Gas Co. v. McFee*, 198 Okl. 37, 174 P.2d 918; *Trailmobile Co. v. Ray*, 199 Okl. 9, 180 P.2d 1005.

Essential provisions of § 29, governing proceedings before the Supreme Court to review State Industrial Court awards, specify time within which proceedings must be commenced and, in pertinent part, sets forth these requirements:

" * * * Provided, however, *no proceeding* to reverse, vacate or modify any award or decision of the Industrial Court or Trial Judge wherein compensation has been awarded an injured employee shall be entertained by the Supreme Court unless the Secretary of the Industrial Court shall take a written undertaking to the claimant * * *.

" * * * Before the clerk of the Supreme Court shall accept the action for filing, a certificate from the Secretary of the Industrial Court shall be required, showing this provision has been complied with." [E.A.]

Since first construed in *Tidal Oil Co. v. State Industrial Commission*, 140 Okl. 5, 282 P. 359 (1929), compliance with this statute has been held a jurisdictional requirement.

In *Taylor v. Langley*, 188 Okl. 646, 112 P.2d 411, we said the sole purpose of the statute, requiring written undertaking approved by Secretary, was to make certain the award to a claimant was secured.

Although dismissed for other reasons, the following quoted language from *Smith v. State Industrial Court*, Okl., 408 P.2d 317, 320 (1965), controls matters involved in this proceeding.

"A cross-action to review a decision of the State Industrial Court must be filed within the same time and in the like manner as an original proceeding for review. *Wilcox Oil & Gas Co. v. McFee*, 198 Okl. 37, 174 P.2d 918; *Tulsa Hotel v. Sparks*, 197 Okl. 644, 174 P.2d 920; *Trailmobile Co. v. Ray*, 199 Okl. 9, 180 P.2d 1005. The filing of a bond with the trial tribunal's secretary, his approval thereof and issuance of a certificate showing such facts are jurisdictional requirements and must be performed within the 20-day period prescribed by 85 O.S.Supp.1963, § 29. *Dritch v. Ray, et al.*, 194 Okl. 235, 149 P.2d 260."

The holding in *Smith, supra,* comports with Rules-Civil Appellate Procedure, Part III(b)—Proceedings to Review Decision of Industrial Court; Rule 1.100(c):

"CROSS OR COUNTER ACTION TO REVIEW SAME DECISION

A cross-action or counter-action or a seperate proceeding to review the same decision shall be commenced within the same time and *in like manner* as the principal proceeding." [E.A.]

We are of the opinion *Smith, supra*, negates respondents' arguments that this case properly may be reviewed.

Cross-petition for review is dismissed.

All the Justices concur.