ESTATE OF Sue F. O'BANNON, Deceased, Plaintiff-Appellant,

v.

OKLAHOMA TAX COMMISSION and the State of Oklahoma, Defendant-Appellee.

No. 54953.

Supreme Court of Oklahoma.

July 28, 1981.

Rehearing Denied Sept. 28, 1981.

Houston & Klein, Inc., E. John Eagleton, Tulsa, for plaintiff-appellant.

---

Marjorie Patmon, George Rozsypal, Oklahoma City, for defendant-appellee.

## ORDER OF DISMISSAL

OPALA, Justice:

On consideration of appellee's motion, this cause is ordered dismissed.

The record is *absolutely clear* that the taxpayer failed timely to comply with the statutory requirement that the liability which is made the subject of review in this court be satisfied as a "condition precedent" to the prosecution of an appeal. 68 O.S. Supp. 1978 § 225(c) or (e); Rule 1.128, Rules on Perfecting a Civil Appeal, 12 O.S. Ch. 15, App. 2.

The tax controversy attempted to be placed before us had its inception when a tax auditor, by a "summary" of January 4, 1979, assessed the appellant estate for an *additional* amount of tax and interest. The estate's protest met—on February 5, 1980— with an adverse decision of the Commission's hearing officer. That decision was upheld by the Commission by order of March 12, 1980 which denied the estate's "formal written objections" to the hearing officer's recommendation. The petition-in-error, by which review is sought of the Commission's failure to grant to the estate relief from the additional assessment, was filed March 19, 1980. While the exact date the tax due was paid is not known, it is *certain* that the check by which it was remitted was not received by the Commission *before* the *terminal date* for filing this appeal.

The statute, 68 O.S.Supp. 1978 § 225(c) and (e), unambiguously commands that one who seeks in this court review of an order "assessing a tax or an *additional* tax..." [emphasis added] must pay the "amount assessed" "[a]s a condition precedent to the right..." of appeal and "as a jurisdictional prerequisite" to the exercise of our reviewing power. The Commission's order here in controversy is unmistakably one which assesses "an additional tax." Inasmuch as the amount of tax and interest assessed was neither paid nor secured by a bond within the thirty-day period prescribed by law for filing an appeal in this court, the estate failed to show compliance with the clear command of § 225(c) or (e) and with Rule 1.128.

Because judicial institutions are without power to grant dispensation from jurisdictional prerequisites that are statutorily imposed, this appeal may not be entertained.

Dismissed.

IRWIN, C. J., and WILLIAMS, HODGES, LAVENDER, HARGRAVE, JJ., concur.

BARNES, V. C. J., and SIMMS and DOOLIN, JJ., dissent.