**Dewey ELAM dba Yellow Cab Company, Petitioner,**

v.

**The WORKERS' COMPENSATION COURT OF the STATE of Oklahoma; Paul Avery Sharp, and Ross N. Lillard, Jr., Clerk of the Supreme Court of the State of Oklahoma, Respondents.**

No. 54933.

Supreme Court of Oklahoma.

Feb. 8, 1983.

Rehearing Denied March 15, 1983.

Harry L. Bickford, Wallace, Bickford, Pasley & Farabough, Ardmore, for petitioner.

John Sprowls, Pauls Valley, Yvonne Sparger Nichols, Edmond, for respondents.

SIMMS, Vice Chief Justice:

Dewey Elam dba Yellow Cab Co. asks this Court to assume original jurisdiction

and grant a writ of mandamus allowing the filing of an appeal from the Workers' Compensation Court without the undertaking with the Administrator of the Workers' Compensation Court as required by 85 O.S. Supp.1980 § 3.6(B). We deny the writ and dismiss the petition in error filed under the same number.

Paul Avery Sharp, claimant below, and Dewey Elam, respondent (the parties will be referred to as they were in the Workers' Compensation Court) entered into a contract wherein Elam leased a cab and furnished a dispatcher to Sharp. Although the contract termed the relationship of the parties as that of lessor and lessee, after claimant was injured on the job the trial judge of the Workers' Compensation Court found his relationship with respondent to be that of employee/employer. The trial judge further found that claimant's injuries were sufficient to establish temporary compensation and that such compensation should continue for and during claimant's period of temporary total disability, not to exceed 300 weeks. Elam filed an appeal to the court en banc; the court ordered payment of the accrued portion of the award and interest at the rate of 18% per annum from the award date.

At issue in this cause is the following portion of § 3.6(B):

"Any party litigant desiring to appeal directly from such order, decision or award to the Supreme Court, shall, within twenty (20) days after a copy of the order, decision or award has been sent by the Administrator to the parties affected, commence an action in the Supreme Court of the State to review such order, decision or award ... Provided, however, no proceeding to reverse, vacate or modify any order, decision or award of the Workers' Compensation Court sitting en banc or judge of the court wherein compensation has been awarded an injured employee shall be entertained by the Supreme Court unless the Administrator shall take a written undertaking to the claimant executed on the part of the respondent or insurance carrier, or both, with one (1) or more sureties to be approved by the Administrator, to the effect that the appellant will pay the amount of the award rendered herein, together with interest thereon at the rate of eighteen percent (18%) per year from the date of the award by the judge of the Court and all costs of the proceeding, or on the further order of the Workers' Compensation Court sitting en banc or judge of the Court after the appeal has been decided by the Supreme Court, except that municipalities and other political subdivisions of the State of Oklahoma are exempt from making such written undertakings."

In Respondent Elam's application to assume original jurisdiction he contends that because of the statutory requirement of a written undertaking he is denied his right to appeal to this Court in violation of due process and equal protection guaranteed in the Fourteenth Amendment to the United States Constitution and in art. 2, sections 6, 7, and 19 of the Oklahoma Constitution.

Respondent's primary argument is that because of his poverty he is unable to post the requisite undertaking and he is therefore denied access to the Court, in violation of art. 2, sec. 6 of the Oklahoma Constitution. He asserts that he is denied equal protection because indigent litigants unable to post court costs may proceed in forma pauperis under 28 O.S.1971, § 152, whereas there is no similar waiver provisions for an undertaking on appeal.

We find respondent's arguments unconvincing.

The function and purpose of an undertaking on appeal is not comparable to that of court costs, and respondent's position is not analogous to an indigent litigant unable to post court costs.

Court costs are imposed primarily to recoup costs for the state and they serve as a mechanism for judicial resource allocation. It is true that as a matter of constitutional law court costs may not impede access to the courts, at least in certain actions. *Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971).

The purpose of an undertaking on appeal however, is entirely different. It protects not the relatively small interest of the state in obtaining a portion of operational costs, but the very significant interest of the successful litigant below in being secure in that which he was awarded. Where such procedural provisions are reasonably tailored to safeguard property interests and are uniformly applied, they will be upheld. See, e.g., *Lindsay v. Normet,* 405 U.S. 56, 92 S.Ct. 862, 31 L.Ed.2d 36 (1972).

The undertaking on an appeal is of particular importance in Workers' Compensation actions, a fact we recognized in *Indemnity Co. v. Saling,* 166 Okl. 133, 26 P.2d 217 (1933). In *Saling* the requirement of an undertaking as a condition precedent to appeal was also challenged, and we upheld the requirement. While the *Saling* decision concerned a time that the State Industrial Commission was an administrative body, exercising quasi-judicial power in the administration of the Workers' Compensation Act, the rationale of the following observation remains as relevant today:

"... We must bear in mind that the Workmen's Compensation Act when reviewed as a whole contemplates prompt payment of the compensation provided for in the act. Provision is made for an injured claimant to secure the payment of the compensation, and in the event one employer desire to carry his own risk he may do so only on proper proof of financial ability. * * * The review of an award by an original proceeding in this Court of necessity requires some delay due both to the procedure involved as well as to the congested condition of the docket in this Court, even though the review is by law given preference over other cases. During this interval of time insurance companies may fail or employers become insolvent. A bond in the nature of a supersedeas executed to secure the payment of the award sought to be reviewed is but an added protection to the claimant. Since those operating either as employers or insurance carriers are required by law to be financially able to respond for compensation awarded, it would necessarily follow that little difficulty will be encountered by them making a bond insuring the payment of an award for which the commission has already held them liable. But if they were bordering on insolvency, the crying need of a bond is too apparent to permit any question concerning the reasonableness of this requirement to obtain a judicial review." 26 P.2d at 222.

See, also, *Dritch v. Ray,* 194 Okl. 235, 149 P.2d 260 (1944); *Tidal Oil Co. v. State Ind. Comm'n.,* 140 Okl. 5, 282 P. 359 (1929); *Blake v. Smock,* 158 Okl. 204, 13 P.2d 113 (1932).

The requirement of an undertaking under § 3.6(B) is not to penalize the employer but to secure payment for the insured claimant.

We have very recently again upheld the validity of the requirement of the statutory undertaking. See, *Texas Oklahoma Express v. Sorenson and the Workers' Compensation Court,* Okl., 652 P.2d 285 (1982).

Respondent's additional argument that the disparity in treatment between certain aspects of Workers' Compensation cases and ordinary district court cases denies him equal protection of the laws, was also presented in *Texas Oklahoma Express.*

We rejected that argument based on the real and substantial legal and public policy considerations in workers' compensation cases, *Sorenson, supra,* at pg. 290, 291, and that decision is clearly controlling here.

The fact that the workings of the Workers' Compensation Court differ from other courts does not violate constitutional protections. Respondent was given his right to due process. He defended himself in the forum selected by claimant, he was allowed an appeal as a matter of right to the Court en banc. Should respondent wish to appeal to the highest state court for an original proceeding, he must comply with the condition precedent determined by the legislature as necessary to secure claimant's award.

WRIT DENIED. APPEAL DISMISSED.

BARNES, C.J., and IRWIN, HODGES and LAVENDER, JJ., concur.

DOOLIN, HARGRAVE, OPALA and WILSON, JJ., dissent.

OPALA, Justice, dissenting:

At issue here is the constitutional validity of a provision in 85 O.S.1981 § 3.6 which requires the employer who seeks appellate review of an award made against him by the Workers' Compensation Court to post a surety bond for the payment of the amount finally to be determined, together with interest and costs. The bond is a "jurisdictional prerequisite to judicial review."[1] Twice in the last two years this court upheld the statutory requirement here in contest.[2] Neither of these decisions comes to grips with the infirmity claims being pressed upon us here. Because I am persuaded that the mandatory bond provision in § 3.6 is constitutionally impermissible, I cannot join the court's dismissal of this case. I would let the uninsured employer prosecute this proceeding for review without the required § 3.6 surety undertaking.

## I.

### THE MANDATORY BOND PROVISION OFFENDS ART. 2 § 6, OKL. CONST.[3]

Where courts are by general statute made available for adjudication of disputes, access to them cannot be impeded by exaction of a "special tribute" from some litigants as a license to sue. The fiscal burdens imposed for the use of judicial institutions must be uniform.[4] Access to courts must not be conditioned by coercive collection devices. Art. 2 § 6, Okl. Const.; *Moses v. Hoebel,* Okl., 646 P.2d 601, 604 [1982]; see also, *State v. Waterfield,* 167 Okl. 209, 29 P.2d 24, 32 [1934] and *Howe v. Federal Surety Co.,* 161 Okl. 144, 17 P.2d 404, 405 [1932].

I view the bond requirement as a form of prohibited exaction in the nature of "special tribute". It offends both the Open-Court-of-Justice as well as the Interdiction-of-Sale-of-Justice Clauses in Art. 2 § 6, Okl. Const. The fundamental right of access to an appellate court, granted by our general law, may not be arbitrarily withheld from the debtor for his failure to secure, with a surety bond, the liability that is in contention. The bond barricade is invalid.

## II.

### THE MANDATORY BOND PROVISION IN § 3.6 VIOLATES ART. 5 § 46, OKL. CONST., BECAUSE IT IS A PROHIBITED "SPECIAL LAW"

The terms of Art. 5 § 46,[5] Okl. Const., prohibit the legislature from regulating the enforcement of judgments by "special law". An unpaid monetary award of the Workers' Compensation Court is enforceable as a money judgment.[6] A money judgment is effective and enforceable while a proceeding-in-error is pending for its review. Supersedeas is available as a *debtor's choice* to stay execution *pendente lite.* An appeal may be prosecuted without posting an un-

---

1. *Dritch v. Ray,* 194 Okl. 235, 149 P.2d 260, 261 [1944]; Rule 1.101(II), Rules of Appellate Procedure, 12 O.S.1981, Ch. 15, App. 2.

2. *Uniroyal, Inc. v. Workers' Compensation Court et al.,* No. 56,096, an unpublished opinion dated February 11, 1981 and *Texas Oklahoma Express v. Sorenson,* Okl., 652 P.2d 285, 291 [1982]. In *Sorenson* the point here at issue was not in controversy because the employer had in fact posted a § 3.6 undertaking.

3. Art. 2 § 6, Okl. Const., provides in pertinent part:
   "The courts of justice ... shall be *open* to every person ... and right and justice shall be

administered without *sale* ..." [Emphasis added].

4. Art. 2 § 6, Okl. Const., supra note 3.

5. Art. 5 § 46 provides in pertinent part:
   "The Legislature shall not ... pass any ... special law ...
   
   \*    \*    \*    \*    \*    \*
   
   ... providing or changing the methods for ... the enforcement of judgments ..."

6. 85 O.S.1981 §§ 41 and 42; *Excise Board of Grady County v. Griggs,* 192 Okl. 636, 138 P.2d 829 [1943] and *Dooley v. Broce Const. Co.,* Okl., 358 P.2d 815 [1961].

dertaking.[7] In such case the debtor exposes himself to enforcement process while the case is pending on review. The *sole* exception to this general rule of law is made by § 3.6 for an employer's adjudicated obligation for compensation to an injured worker or for death benefits to his survivors. *Only* that obligation must be secured by a surety bond if its review is sought by the employer.

The mandatory bond provision in § 3.6 clearly offends Art. 5 § 46, Okl. Const. It is indeed "special law"[8] that alters the method for the enforcement of judgments for *but a single class* of adjudicated obligations.

## III.

## THE MANDATORY BOND PROVISION IN § 3.6 OFFENDS THE EQUAL PROTECTION CLAUSE OF THE FEDERAL CONSTITUTION

State created classifications must bear a rational relationship to legitimate governmental objectives. The mandatory bond provision does not help screen out frivolous compensation appeals because it not only bars meritorious appeals by those who are unable to post a bond but also fosters meritless appeals by those who are able to afford the bond. Neither can the provision be justified as a necessary measure for the protection of the workers. The state has ample legitimate alternative means to facilitate the collection of compensation awards.

Employers subject to the Workers' Compensation Act are required to secure their compensation liability with insurance or in some other officially approved form.[9] Unsecured employers are subjected to unlimited tort liability without the benefit of most common-law defenses. 85 O.S.1981 § 12.

No other litigant in Oklahoma is subject to an automatic appeal bond requirement as a tribute for access to a reviewing tribunal. When an appellate remedy is afforded by general law, it may not be granted to some and capriciously or arbitrarily denied to others without offending the Equal Protection Clause.[10] The § 3.6 bond provision is a needless burden. It serves no legitimate policy objective of the state.[11] Its impact on those, like the petitioner here, is invidious. He is barred from access to this court's portals to dispute an erroneous application of the Workers' Compensation Act to his business activity solely because he has failed to secure the very liability whose existence he denies.

The mandatory bond provision is invidiously discriminatory not only in its terms but also in its application. As applied, § 3.6 precludes the employer from counter-appealing, without a bond, to *dispute the same award* that already has been tendered for review by the claimant,[12] but it does permit him to invoke our reviewing cognizance, without a bond, so long as "the award to the injured employee . . . [remains] unchallenged and no lis pendens delay or hindrance [results] to the injured

**7.** *Nicholson v. State,* 132 Okl. 298, 270 P. 567 [1928] and *In re Rettenmeyer's Estate,* Okl., 345 P.2d 872 [1959].

**8.** "Special law" is one that rests on a false or deficient classification. *It creates preference and establishes inequity. Barrett v. Board of Com'rs of Tulsa County,* 185 Okl. 111, 90 P.2d 442, 446 [1939].

**9.** 85 O.S.1981 §§ 61, 149 and 149.1, Rules 35 and 39, Rules of the Workers' Compensation Court, 85 O.S.1981 Ch. 4, App.

**10.** *Lindsey v. Normet,* 405 U.S. 56, 77, 92 S.Ct. 862, 876, 31 L.Ed.2d 36 [1972]; *Compton v. Naylor,* 392 F.Supp. 575, [U.S.D.C.N.D.Tex.

1975] and *Lecates v. Justice of Peace Court No. 4, Etc.,* 637 F.2d 898 [3rd Cir.1980].

**11.** Review of contested *private* liability falls under a rubric distinctly separate from *tax* appeals. Because they facilitate revenue collection, statutory provisions that impose jurisdictional bond or advance-payment requirement for judicial review of a tax assessment protest could be viewed as serving a legitimate governmental objective. See, e.g., 68 O.S.1981 § 225, subdivs. (c) and (e); 40 O.S.1981 §§ 3–405 and 3–406 and *O'Bannon v. Oklahoma Tax Commission,* Okl., 633 P.2d 741 [1981].

**12.** *Bledsoe v. Munsingwear Corp.,* Okl., 579 P.2d 835, 837 [1978].

employee ... ".[13] The practical impact of the § 3.6 bond provision is that, absent an undertaking, this court's portals are shut to *every* employer's claim for relief against his employee, even though the employer has secured his compensation liability in conformity with the statutory requirements in 85 O.S.1981 § 61.

## IV.

### THE MANDATORY BOND PROVISION IN § 3.6 OFFENDS THE DUE PROCESS CLAUSE IN ART. 2 § 7, OKL. CONST.

Our due process clause in Art. 2 § 7, Okl. Const., has a definitional sweep that is coextensive with its federal counterpart.[14] The latter—and hence our own—contains an anti-discrimination component that affords protection "against unreasonable or unreasoned classifications serving no important governmental objective." [15]

The capriciousness of the § 3.6 barrier is thrown sharply into focus by the fact that it condemns review, *sans* automatic surety bond security, in but a *single* class of *private* appellate litigation.[16]

### SUMMARY

The petitioner is constitutionally entitled to prosecute his claim to corrective relief without posting a § 3.6 surety bond.

I am authorized to state that DOOLIN, HARGRAVE and WILSON, JJ., concur in my views.

---

**13.** *Acme Construction Company v. Carr,* Okl., 513 P.2d 113, 115 [1973].

**14.** *McKeever Drilling Co. v. Egbert,* 170 Okl. 259, 40 P.2d 32, 36 [1935].

**15.** *Davis v. Passman,* 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 [1979]; see *State ex rel. State Bd., Etc. v. Naifeh,* Okl., 598 P.2d 225, 226 [1979] (Opala, J., dissenting).

