**Jim BROWN, d/b/a R & R Builders, Petitioner,**

**v.**

**Richard D. BURKETT and James Figgins, Respondents.**

**No. 67071.**

Supreme Court of Oklahoma.

Feb. 9, 1988.

Rodney J. Heggy, Cheek, Cheek, & Cheek, Oklahoma City, for petitioner, Jim Brown, d/b/a R & R Builders.

Rose M.J. Sloan, John S. Oldfield, Jr., Oldfield and Coker, Oklahoma City, for respondent, James Figgins.

Jamie Pitts, Lawter & Pitts, Inc., Oklahoma City, for respondent, Richard D. Burkett.

OPALA, Justice.

This cause is reached for consideration of our *sua sponte* inquiry into the court's jurisdiction of this proceeding for review. The sole question for decision is whether a person in the petitioner's financial and legal status has a state constitutional claim, under Art. II, § 6, Okl. Const.,[1] to an exemption from the mandatory bond provision in 85 O.S.Supp.1986 § 3.6(B).[2] We answer in the affirmative.

---

1. Art. II, § 6, Okl. Const., provides in pertinent part:

   *"The courts* of justice ... *shall be open to every person* ... and right and *justice shall be administered without sale...."* [Emphasis added.]

2. The pertinent terms of · 85 O.S.Supp.1986 § 3.6(B) provide:

   *"...* [N]o proceeding to reverse, vacate or modify any order, decision or award of the Workers' Compensation Court sitting en banc or Judge of the Court wherein compensation has been awarded an injured employee *shall be entertained by the Supreme Court unless the*

Jim Brown [petitioner] is required by the terms of § 3.6(B) to give a supersedeas bond in order to secure this court's review of liability imposed upon him by a Workers' Compensation Court award. Unable to post the statutory undertaking, he moved with accompanying affidavit for leave to stand *pro tanto in forma pauperis*. He urges that, as applied to him, the mandatory bond provision in § 3.6(B) is fraught with fundamental-law infirmity. Richard D. Burkett [claimant] opposes Brown's constitutional claim to an exemption from the bond requirement.[3] Because the petitioner's asserted lack of financial capacity to secure an undertaking is unchallenged, we accept it here as true.[4]

Brown argues that the Workers' Compensation Court wrongly saddled him with the status of claimant's employer. The gravamen of his complaint is that the trial tribunal lacked subject-matter jurisdiction over Burkett's claim. Brown does not contend he may litigate this proceeding for review at public expense; rather he seeks an exemption from the bond requirement owed the claimant, which is a statutory *sine qua non* of this court's reviewing cognizance.

The petitioner's status as the claimant's employer was a *jurisdictional* prerequisite for the Workers' Compensation Court's award.[5] That tribunal's power to decide the claim depended upon its finding of an employment bond between the parties. A proceeding to review this critical relationship would have been prematurely lodged if it had been brought here at *any* stage anterior to the award.[6] In short, the legal correctness of the petitioner's law-imposed liability *qua* claimant's employer, interconnected though it is with the question of subject-matter jurisdiction, was beyond the reach of our corrective relief anterior to the award's entry and, absent the petitioner's § 3.6(B) supersedeas bond, cannot now undergo our review.

Reasonably unimpeded access to the courts is guaranteed by Art. II, § 6, Okl. Const.[7], which mandates that "[t]he courts of justice ... shall be *open* to every person ... and right and justice shall be administered *without sale....*" [Emphasis added.] *All* cost and fee burdens imposable upon judicial institutions' users must be *uniform and reasonable.*[8] We hence conclude that insofar as it affects this petitioner, the § 3.6(B) mandatory bond provision creates an unreasonable burden on his right of access to an appellate court for relief from liability established by a state regulatory act.

The legislature has not been oblivious to our fundamental law's mandate for reasonably unimpeded access to judicial institutions. It has authorized this court to free from the filing-fee burden those resourceless litigants who may be entitled to a constitutional exemption.[9] A plaintiff who

---

Administrator shall take a written undertaking to the claimant executed on the part of the respondent or insurance carrier, or both, with one or more sureties to be approved by the Administrator, to the effect that the appellant will pay the amount of the award rendered therein, together with interest...." [Emphasis added.]

**3.** The other respondent in the case, James Figgins, asked to be dismissed from the proceeding for review, because no corrective relief is sought here against him. *Insofar as it affects Figgins, the Workers' Compensation Court order must hence stand as final.*

**4.** See *Matter of Rich*, Okl., 604 P.2d 1248, 1251 [1979].

**5.** *Nichols v. State Industrial Commission*, 207 Okl. 167, 248 P.2d 616, 619 [1952]; *Scott v. Board of Com'rs of Garvin County*, 189 Okl. 601, 119 P.2d 56, 57 [1941].

**6.** *Continental Oil Co. v. Allen*, Okl., 640 P.2d 1358, 1360 [1982].

**7.** For the pertinent text of Art. II, § 6, Okl. Const., see *supra* note 1; see also, *Tulsa Tribune Company v. Oklahoma Horse Racing Commission*, Okl., 735 P.2d 548, 555 [1987].

**8.** Art. II, § 6, Okl. Const.; *Moses v. Hoebel*, Okl., 646 P.2d 601, 604 [1982]; *Howe v. Federal Surety Co.*, 161 Okl. 144, 17 P.2d 404, 406 [1932]; *In re Lee*, 64 Okl. 310, 168 P. 53, 56 [1917].

**9.** 20 O.S.Supp.1986 § 15. Its terms provide:
"In each case filed in the Supreme Court, and at the time of filing same, there shall be deposited with the Clerk as costs in said cause One Hundred Dollars ($100.00) of which no rebate of any part thereof shall be made; provided, *the Supreme Court may prescribe by rules the procedure for affording access to that Court, without the deposit of costs, to those*

owes court costs and a counsel-fee award allowed against him for vexatious behavior in one district court case cannot be barred by his failure to satisfy those assessed obligations from prosecuting the same claim in a new action.[10] The § 3.6(B) bond requirement stands as a barrier not unlike that of a plaintiff's unpaid liability from a previous attempt to press the same claim. Although the bond is required uniformly of all award-burdened employers, those, like this petitioner, who pay all taxable costs and the expense of a transcript, are nonetheless denied, for lack of an undertaking they cannot afford, the right to challenge the trial tribunal's adjudication of the parties' employment status.

The petitioner's lack of financial strength to secure the bond is undisputed. He is admittedly uninsured.[11] He challenges *not the amount* of the award against him, but rather *the jurisdictional pivot upon which his liability must legally rest.* No other means of access to this court is available to him, and he seeks review of the status imposed *via* a public-law regulatory scheme that subjects him to *special liability.* We hold that under these *uncontested* facts the § 3.6(B) mandatory bond raises an unreasonable barrier to the exercise of this petitioner's right of access to the courts.[12]

Our decision today, which relieves a suitor from having to bear the § 3.6(B) burden in some exceptional cases, does not contravene the overall legislative design. The mandatory bond provision's *sole purpose* is to secure the claimant's award.[13] Giving bond-free access on review to persons in the petitioner's position—those seeking to contest employer status but *lacking the financial capacity* to give the supersedeas bond—deprives claimants of no more security than they would have had otherwise *vis-a-vis* one who, like the petitioner here, stood below as an uninsured compensation respondent.[14]

*Elam v. Workers' Compensation Court,*[15] *Texas Oklahoma Express v. Sorenson,*[16] *Bledsoe v. Munsingwear Corporation,*[17] Rule 1.101(a)(II), Rules for Appellate Procedure, Civil,[18] and all other extant

---

*indigent persons who are deemed by it entitled thereto."* [Emphasis added.]

**10.** *Moses v. Hoebel, supra* note 8 at 602.

**11.** At the election of the worker, an impermissibly uninsured employer may be subject to *unlimited liability* in a district-court action. 85 O.S.1981 § 12; *Pryse Monument Co. v. District Court, Etc.,* Okl., 595 P.2d 435, 436 [1979]. Had the petitioner been sued in the district court, *he could have appealed without posting a supersedeas bond.* See *Armstrong v. Trustees of Hamilton Investment Trust,* Okl., 667 P.2d 985, 988 [1983].

**12.** This opinion does not address a petitioner's liability for court costs and for the expense of the transcript of evidence. Today's pronouncement does not stand as authority for a right to prosecute at public expense a proceeding for review of a person's workers' compensation liability.

**13.** *Texas Oklahoma Express v. Sorenson,* Okl., 652 P.2d 285, 289 [1982]; *Bledsoe v. Munsingwear Corporation,* Okl., 579 P.2d 835, 837 [1978].

**14.** Review of contested *private* liability, like that of the petitioner here, falls under a rubric distinctly different from *tax* appeals. Because the latter involve revenue collection, statutory provisions that impose a jurisdictional bond or advance-payment requirement for judicial review of a tax-assessment protest could be viewed as serving a legitimate and compelling governmental objective. See, e.g., 68 O.S.1981 § 225(c) and (e); 40 O.S.1981 §§ 3–405 and 3–406; and *O'Bannon v. Oklahoma Tax Commission,* Okl., 633 P.2d 741, 742 [1981].

**15.** Okl., 659 P.2d 938 [1983].

**16.** See *supra* note 13.

**17.** See *supra* note 13.

**18.** The terms of Rule 1.101(a)(II), Rules of Appellate Procedure, Civil, 12 O.S.1981, Ch. 15, App. 2, provide:

\* \* \* \* \* \*

"... The following instruments shall be attached to the petition for review and to each of its copies:

\* \* \* \* \* \*

II. *If the proceeding is brought by the employer or his insurance carrier from a decision awarding benefits to claimant, a certificate by the Clerk of the Workers' Compensation Court stating that the party taking the appeal has on file an approved statutory bond. Smith v. State Industrial Court,* Okl., 408 P.2d 317, 320. The certificate is required for the Clerk of the Supreme Court to accept the action for filing." [Emphasis supplied.]

authorities of like tenor are narrowly modified by this opinion to allow bond-free access for review of workers' compensation liability to persons who fit the petitioner's legal and financial condition.

The petitioner's plea for relief from the bond requirement is accordingly granted, and the claimant shall have 15 days to file his answer brief.[19] On claimant's failure to answer timely, this case will proceed to disposition on the brief-in-chief alone.

DOOLIN, C.J., HARGRAVE, V.C.J., and HODGES, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

LAVENDER and SIMMS, JJ., dissent.

19. Rule 1.105, Rules of Appellate Procedure, Civil, 12 O.S.1981, Ch. 15, App. 2. *The time* to file an answer brief *stood suspended* by our *sua sponte* inquiry into this court's jurisdiction. While pending, that *sua sponte* inquiry had the same effect on briefing time as the filing of a motion to dismiss. See Rule 1.28(c), Rules of Appellate Procedure, Civil, 12 O.S. Supp.1985, Ch. 15, App. 2.